Todd Slobin (to be admitted *Pro Hac Vice*)
tslobin@eeoc.net
Ricardo J. Prieto (to be admitted *Pro Hac Vice*)
rprieto@eeoc.net
SHELLIST | LAZARZ | SLOBIN LLP
11 Greenway Plaza, Suite 1515
Houston, Texas 77046
Telephone: (713) 621-2277
Facsimile: (713) 621-0993

Melinda Arbuckle (Cal. Bar No. 302723)
marbuckle@eeoc.net
SHELLIST | LAZARZ | SLOBIN LLP
402 West Broadway, Suite 400
San Diego, California 92101
Telephone: (713) 621-2277
Facsimile: (713) 621-0993

Matthew Haynie (to be admitted *Pro Hac Vice*)
matthew@foresterhaynie.com
FORESTER HAYNIE PLLC
400 N. St. Paul Street #700
Dallas, Texas 75201
Telephone: (214) 346-5909
Facsimile: (214) 210-2100

*Counsel for Plaintiffs and Proposed Class and Collective Action Members*

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
## EASTERN DIVISION – RIVERSIDE COUNTY

| | |
|---|---|
| Reginald Moore, Eduardo Guerra, and Alisa Jones, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>Universal Protection Service, LP d/b/a Allied Universal Security Services<br><br>Defendant. | **Case No.: 2:19-cv-9506**<br><br>**ORIGINAL COMPLAINT FOR VIOLATIONS OF FLSA AND CALIFORNIA AND COLORADO STATE LAW**<br><br>**COLLECTIVE ACTION AND CLASS ACTION**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiffs Reginald Moore, Eduardo Guerra, and Alisa Jones ("Plaintiffs"), on behalf of themselves and all others similarly situated, hereby file this Original Complaint against Defendant Universal Protection Service, LP d/b/a Allied Universal Security Services ("Allied Universal" or "Defendant"), showing in support as follows:

## I.    INTRODUCTION AND NATURE OF ACTION

1.    This is an action brought under the federal Fair Labor Standards Act, 29 U.S.C. §§ 201-219, and the Portal-to-Portal Act, 29 U.S.C. §§ 251-262 (collectively, the "FLSA").

2.    This action is also brought under the California Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200-17210; and the California Labor Code and relevant Industrial Welfare Commission Wage Order, Cal. Labor Code §§ 226.7, 512 and Cal. Wage Order No. 4-2001, § 11 (Meal Breaks); Cal. Labor Code § 226.7, and Cal. Wage Order No. 4-2001, § 12 (Rest Breaks); Cal. Labor Code §§ 510, 1194, 1771, and 1774 (Overtime Provisions); Cal. Labor Code § 1194.2 (Minimum Wage Provisions); Cal. Labor Code § 226 (Wage Statement Provisions); and Cal. Labor Code § 203 (Waiting Time Penalties) (collectively, "California State Law") for Defendant's violations of California State Law.

3.    This action is also brought under the Colorado Wage Claim Act, Colo. Rev. Stat. § 8-4-101 – 8-4-123 ("CWCA"); the Colorado Minimum Wage Act, Colo. Rev. Stat. § 8-6-101 – 8-6-119; and the Colorado Minimum Wage Order Number 35, 7 Colo. Code Regs. § 1103-1 ("CMWA").

4. Defendant is a "leading security and facility services company"[1] that provides security personnel to safeguard its customers' locations across the country. According to its website, Defendant employs more than 200,000 individuals and has revenues exceeding $7 billion.[2]

5. Plaintiffs are or were hourly-paid, non-exempt security guard employees of Defendant who worked at Defendant's customers' sites providing security services including patrolling, monitoring, and reporting suspicious activity. Plaintiffs and similarly situated security guards frequently earned either the applicable minimum wage or only slightly more than the applicable minimum wage. When they worked over forty hours in a workweek which happened frequently, Plaintiffs and similarly situated security guards were eligible to receive overtime wages.

6. Defendant's policies and/or practices with regard to Plaintiffs and similarly situated security guards violated the FLSA. Defendant typically required its security guard employees to perform uncompensated work "off-the-clock" before and after their scheduled shifts. Plaintiffs were required to perform "off-the-clock" duties that were an "integral part of [their] principal activity" pursuant to 29 C.F.R. § 553.221, including continuing to secure a location while waiting for a relief security guard to appear for work, completing paperwork, and briefing the relieving security guard. The time that Plaintiffs and similarly situated security

---

[1] About Allied Universal, https://www.aus.com/about-us, last accessed Oct. 31, 2019.

[2] *Id.*

guards spent completing these pre- and post-liminary duties without pay was more than *de minimus*.

7.    In weeks when Plaintiffs and similarly situated security guards worked more than forty hours (inclusive of time worked "off-the-clock"), which occurred frequently, this requirement resulted in a violation of the FLSA's overtime provisions under 29 U.S.C. § 207. Because Plaintiffs and similarly situated security guards were typically paid the minimum wage or near minimum wages, in weeks that they worked fewer than forty hours (inclusive of time worked "off-the-clock"), the requirement of working "off-the-clock" resulted in a violation of the FLSA's minimum wage provisions under 29 U.S.C. § 206.

8.    Defendant's policies and/or practices with regard to meal and rest breaks also violated relevant state laws. Defendant frequently failed to provide rest breaks required by relevant state laws, and failed to fully relieve Plaintiffs and similarly situated security guards during requisite meal breaks in California, and failed to compensate security guards for "on duty" meal breaks in Colorado. As a result, Defendant failed to pay the putative California and Colorado Class Action Members all wages due to them during their employment with Defendant and at the time of their separation from the company. Defendant also failed to provide the California Class Members with accurate, itemized wage statements in violation of Cal. Labor Code § 226, and failed to pay all wages due at the time of termination in violation of Cal. Labor Code § 203.

9. Plaintiffs seek all damages available under the law, including unpaid wages, liquidated damages, penalties, recoverable costs, pre- and post-judgment interest, and any other remedies to which they may be entitled.

## II. THE PARTIES

### A. Plaintiff Reginald Moore

10. Plaintiff Reginald Moore is an individual residing in Los Angeles County, California. He has standing to file this lawsuit.

11. Moore was a security guard employee of Defendant, who reported to Allied Universal's offices in Downtown Los Angeles at 700 South Flower Street, Suite 1550; Los Angeles, California 90017. He was employed beginning on or about 2015 through on or about 2019.

12. On information and belief, Moore worked for Defendant within Los Angeles County, and not in an unincorporated area of Los Angeles County. The Los Angeles County Minimum Wage Ordinance applied to Moore while he worked for Defendant. *See* Los Angeles Cty Code of Ordinances § 8.100.040(A)(1).

13. At times relevant to this lawsuit, Defendant paid Moore at precisely the minimum wage rate set by the County of Los Angeles.

14. Moore's consent to become a party plaintiff in this action pursuant to 29 U.S.C. § 216(b) is attached to this Complaint as Exhibit A.

### B. Plaintiff Eduardo Guerra

15. Plaintiff Eduardo Guerra is an individual residing in Riverside County, California. He has standing to file this lawsuit.

16.     Guerra is a security guard employee of Defendant, who reported to Allied Universal's offices in Riverside at 1700 Iowa Avenue, Suite 100; Riverside California 92507. He was employed beginning on or about July of 2019 to present.

17.     At times relevant to this lawsuit, Guerra earned only one dollar more than the minimum wage rate set by the State of California.

18.     Guerra's consent to become a party plaintiff in this action pursuant to 29 U.S.C. § 216(b) is attached to this Complaint as Exhibit B.

**C.     Plaintiff Alisa Jones**

19.     Plaintiff Alisa Jones is an individual residing in Jefferson County, Colorado.

20.     Jones was a security guard employee of Defendant, who reported to Allied Universal's offices at 390 Union Boulevard Suite 410; Lakewood, Colorado 80228. Jones worked for Allied Universal beginning on or about April of 2019 through on or about August of 2019.

21.     At times relevant to this lawsuit, Jones was paid precisely the minimum wage set by the State of Colorado.

22.     Jones' consent to become a party plaintiff in this action pursuant to 29 U.S.C. § 216(b) is attached to this Complaint as Exhibit C.

**D.     Putative California Class Action Members**

23.     Plaintiffs Reginald Moore and Eduardo Guerra bring this action on behalf of himself and on behalf of other similarly situated workers in the state of California as a class action pursuant to Rule 23 of the Federal Rules of Civil

Procedure. Plaintiff seeks to represent three proposed classes of California Class

Action Members composed of and defined as follows:

> All current and former nonexempt, hourly-paid security guard
> employees who worked at any location in California at any time
> within the four years prior to the date of filing of this Complaint
> through the date of the final disposition of this action who were
> denied minimum wages or overtime compensation for time spent
> completing mandatory pre- and post-shift work off-the-clock without
> any compensation, and whose wage statements were consequently
> inaccurate in violation of California Law (the putative "Off-the-Clock
> Class Members");

> All current and former nonexempt, hourly-paid security guard
> employees who worked at any location in California at any time
> within the four years prior to the date of filing of this Complaint
> through the date of the final disposition of this action who were
> denied compensation due to Defendant's failure to provide meal
> and/or rest breaks or penalty pay, and whose wage statements were
> consequently inaccurate in violation of California Law (the putative
> "Break Class Members");

> and

> All former nonexempt, hourly-paid security guard employees who
> worked at any location in California at any time within the four years
> prior to the date of filing of this Complaint through the date of the
> final disposition of this action who did not receive all wages due at the
> time of termination or within seventy-two hours of resignation (the
> putative "§ 203 Class Members").

24.     Plaintiffs reserve the right to refine this definition or establish sub-

classes in the event that discovery reveals that a more appropriate class definition

exists.

25.     Plaintiffs Moore and Guerra are proper class representatives pursuant

to Rule 23(a)(4) of the Federal Rules of Civil Procedure.

**E.      Putative Colorado Class Action Members**

26.     Plaintiff Alisa Jones brings this action on behalf of herself and on behalf of other similarly situated workers in the state of Colorado as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure. Plaintiff seeks to represent two proposed classes of Colorado Class Action Members composed of and defined as follows:

> All current and former non-exempt, hourly-paid security guard employees who worked at any location in Colorado at any time within the six years[3] prior to the date of filing of this Complaint through the date of the final disposition of this action who were denied compensation due to Defendant's failure to provide meal and/or rest breaks in violation of Colorado law;

> and

> All current and former non-exempt, hourly-paid security guard employees who worked at any location in Colorado at any time within the six years prior to the date of filing of this Complaint through the date of the final disposition of this action who were denied compensation due to Defendant's failure to provide meal and/or rest breaks in violation of Colorado law.

27.     Plaintiff reserves the right to refine the definition or establish sub-classes in the event that discovery reveals that a more appropriate class definition exists.

28.     Plaintiff Jones is a proper class representative pursuant to Rule 23(a)(4) of the Federal Rules of Civil Procedure.

**F.      Putative Collective Action Members**

29.     All Plaintiffs bring this action on behalf of themselves and on behalf of other similarly situated workers nationwide as a collective action pursuant to 29

---

[3]     *See Sobolewski v. Boselli & Sons, LLC*, 342 F. Supp. 3d 1178, 1189 (D. Colo. 2018).

Case No. 2:19-cv-9506
Original Complaint

U.S.C. § 216(b). Plaintiffs seek to conditionally certify a collective action composed of the putative Collective Action Members defined as follows:

> All current and former non-exempt, hourly-paid security guard employees who worked at any location nationwide at any time within the three years prior to the date of filing of this Complaint through the date of the final disposition of this action who were denied minimum and/or overtime wages in connection with Defendant's policy and/or practice of requiring mandatory pre- and post-shift work to be completed off-the-clock without any compensation.

30.     Plaintiffs reserve the right to refine the definition or establish sub-classes in the event that discovery reveals that a more appropriate class definition exists.

31.     Plaintiffs seek to represent the putative Collective Action Members for damages due to unpaid minimum and overtime wages pursuant to the FLSA. Plaintiffs are similarly situated to the putative Collective Action Members pursuant to 29 U.S.C. § 216(b).

**G.      Defendant Universal Protection Service, LP d/b/a Allied Universal Security Services**

32.     Defendant Universal Protection Service, LP is a limited partnership formed under the laws of the state of California that does business as Allied Universal Security Services ("Defendant" or "Allied Universal").

33.     Defendant may be served with process through its registered agent, CT Corporation System, located at 818 West Seventh Street, Suite 930; Los Angeles, California 90017.

34.     At all times relevant to this lawsuit, Defendant has been an "enterprise engaged in commerce" as defined by the FLSA.

35.    At all times relevant to this lawsuit, Defendant employed two or more employees who engaged in commerce and/or who handled, sold, or otherwise worked on goods or materials that have been moved in or produced for commerce by any person.

36.    Pursuant to Defendant's website, at all times relevant to this lawsuit, Defendant has had gross operating revenues or business volume in excess of $500,000.

### III.    JURISDICTION AND VENUE

37.    This Court has federal question jurisdiction over all claims pursuant to 28 U.S.C. § 1331 and the FLSA at 29 U.S.C. § 216(b).

38.    This Court also has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367 because those claims derive from a common nucleus of operative fact.

39.    The United States District Court for the Central District of California has personal jurisdiction over Defendant because Defendant does business in California and in this District, and because many of the acts complained of and giving rise to the claims alleged occurred in California and in this District.

40.    Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to the claims alleged herein occurred in this District.

### IV.    FACTUAL BACKGROUND
### (APPLICABLE TO ALL CLAIMS FOR RELIEF)

41.    Plaintiffs worked for Defendant as nonexempt, hourly-paid security guard employees, providing security services including patrolling, monitoring, and

reporting suspicious activity. Security services might also include controlling gate access, doing badge checks, redirecting traffic, and directing individuals around secured sites, all of which are more specific tasks falling under Plaintiffs' more general patrolling, monitoring, and reporting job duties.

42.    Defendant employs thousands of security guard employees across the country, and over 26 employees in the County of Los Angeles.

43.    All of the putative Class and Collective Action Members were similarly classified as nonexempt employees and paid on an hourly basis and performed substantially similar job duties as the Plaintiffs.

44.    Plaintiff Reginald Moore worked for Defendant in the State of California beginning on or about 2015 through on or about 2019.

45.    At times relevant to this lawsuit, Plaintiff Moore was paid at exactly the minimum wage rate required by the City of Los Angeles. Specifically, during the time period between July 1, 2018 and July 1, 2019, Defendant paid Plaintiff Moore $13.25 per hour.

46.    In many workweeks, Plaintiff Moore was paid for precisely 40 hours of work, although he frequently worked more than forty hours in those workweeks or eight hours in a given workday.

47.    Plaintiff Moore was also often paid for over forty hours of work in a workweek, and Defendant compensated him some, but not all, of the overtime premium wages he was entitled to, because Defendant did not compensate him for mandatory pre- and post-liminary work duties completed before and after his shift.

Case No. 2:19-cv-9506
Original Complaint

48.     Plaintiff Eduardo Guerra worked for Defendant in the State of California from on or about July of 2019 to present.

49.     At times relevant to this lawsuit, Plaintiff Guerra earned only one dollar more than the minimum wage set by the State of California. Specifically, during July and August of 2019, Plaintiff Guerra earned $13.00 per hour.

50.     In many workweeks, Plaintiff Guerra was paid for precisely 40 hours of work, although he frequently worked more than forty hours in those workweeks or over eight hours in a given workday.

51.     Plaintiff Alisa Jones worked for Defendant in the State of Colorado beginning on or about April of 2019 through on or about August of 2019.

52.     At times relevant to this lawsuit, Plaintiff Jones earned exactly the minimum wage set by the State of California. Specifically, in at least one workweek Plaintiff Jones earned $11.10.

53.     Plaintiff Jones frequently worked over forty hours in a given workweek for Defendant.

54.     Plaintiff Jones did not receive all of the compensation she was entitled to when she was required to work over forty hours in a given workweek or over eight hours in a specific day for Defendant because Defendant frequently refused to pay her for assigned work which was over eight hours in a day, often leaving up to four hours per day of uncompensated work.

55.     Plaintiff Jones reported this failure to pay her for assigned work which she completed over eight hours in a day, but Defendant failed to compensate her for those hours of work.

56.    Plaintiffs frequently worked at off-site locations as the sole guard on
duty.

57.    Plaintiffs and similarly situated security guards frequently earned
either the applicable minimum wage or only slightly more than the applicable
minimum wage. When they worked over forty hours in a workweek which
happened frequently, Plaintiffs and similarly situated security guards were eligible
to receive overtime wages, and may have received some overtime wages.

58.    However, Defendant typically required its security guard employees
to perform uncompensated work "off-the-clock" before and after their scheduled
shifts. Plaintiffs were required to perform "off-the-clock" duties after their shift
had ended including continuing to secure a location while waiting for a relief
security guard to appear for work, completing paperwork, and briefing the
relieving security guard. Plaintiffs were required to perform "off the clock" duties
before their shift, including receiving briefing from the guard who had been on
duty the prior shift. The time that Plaintiffs and similarly situated security guards
spent completing these pre- and post-liminary duties without pay was more than *de
minimus*.

59.    Defendant's failure to compensate Plaintiffs for work they performed
"off-the-clock" resulted in minimum wage and overtime violations.

60.    For instance, during the pay period beginning October 11, 2019 and
ending October 17, 2019, Plaintiff Guerra earned 40 hours of pay at the rate of
$13.00 per hour, and 4 hours of overtime pay at the rate of $19.50 per hour. Allied

Universal generally only paid Plaintiff Guerra for those hours which he had been scheduled to work.

61.    However, Plaintiff Guerra was frequently required to come in to work 10 minutes before his shift to participate in turnover job duties, but Allied Universal did not permit him to clock in until his shift was scheduled to begin. Defendant also required Plaintiff Guerra to continue to secure the Amazon buildings he patrolled on behalf of Allied Universal until a relief security guard arrived to relieve him, but Defendant did not pay him for any time he spent continuing to perform duties after his shift ended.

62.    Plaintiff Guerra alleges that this time frequently totaled to approximately 20 minutes or more in a shift that was not paid. As a result, Plaintiff Guerra was entitled to approximately an additional hour and twenty minutes of overtime pay for the pay period beginning October 11, 2019 and ending October 17, 2019, or an additional $26.00 in that pay period.

63.    Now, as the result of Defendant's failure to pay for time worked "off-the-clock," Plaintiff Guerra is entitled not only to his back wages, but also to an equal amount of that overtime pay as liquidated damages and other relief including attorneys' fees.

64.    Such overtime violations were not limited to this particular pay period, but occurred regularly throughout Plaintiff Guerra's tenure with Allied Universal. Similar overtime violations occurred with respect to other Plaintiffs and the putative Collective and Class Action Members.

65.    Defendant's failure to pay for work performed "off-the-clock" was not limited to weeks in which Plaintiffs and the putative Collective and Class Action Members worked overtime.

66.    For instance, during the pay period beginning February 22, 2019 and ending February 28, 2019, Plaintiff Reginald Moore worked three eight-hour shifts, and was paid for 24 hours of work at the Los Angeles minimum wage rate of $13.25 per hour. Allied Universal generally only paid Plaintiff Moore for those hours which he had been scheduled to work.

67.    However, Plaintiff Moore was frequently required to stay after his shift was set to end to wait for relief guards; often he was required to wait approximately 30 minutes per shift.

68.    As a result, under the FLSA, Plaintiff Moore was entitled to an extra hour and thirty minutes of pay at the federally mandated minimum wage, which was $13.25 per hour because Plaintiff Moore worked in the City of Los Angeles.[4] Consequently, under federal law, in the pay period beginning February 22, 2019 and ending February 28, 2019, Plaintiff Moore is entitled to $19.88 as back minimum wages for his "off-the-clock" hours of work in that pay period.

69.    Furthermore, as the result of Defendant's failure to pay for time worked "off-the-clock," Plaintiff Moore is entitled not only to his back wages, but

---

[4]    *See* 29 U.S.C. § 218(a) (employee is entitled to be compensated at the greater of either the federal minimum wage rate or the minimum wage rate established by the state or locality in which the employee works).

also to an equal amount of his minimum wages as liquidated damages[5] and other

relief including attorneys' fees.

70.     However, because Plaintiff Moore worked in California, and because

his shifts were typically eight hours, under California State Law, Plaintiff Moore

was entitled to an extra hour and thirty minutes of pay at his overtime rate of

$19.86 per hour. As a result, under California law, in the pay period beginning

February 22, 2019 and ending February 28, 2019, Plaintiff Moore is entitled to

$29.81 as back overtime wages for his "off-the-clock" hours of work in that pay

period.

71.     On information and belief, certain nonexempt, hourly-paid security

guard employees of Defendant worked shifts of shorter duration than eight hours in

a given day in the State of California. Consequently, when Defendant failed to pay

those workers for mandatory pre- and post-liminary job tasks, Defendant violated

California State minimum wage laws.

72.     On information and belief, this policy or practice of Defendant to only

pay wages for assigned shifts and to fail to pay for mandatory pre- and post-

liminary work performed "off-the-clock" was uniformly and consistently

applicable to all of its security guard employees across the country.

---

[5]     Under the FLSA, some courts hold that while plaintiffs are entitled to back wages at the
greater of the federal minimum wage or the minimum wage rate established by the state or
locality in which the employee works pursuant to 29 U.S.C. § 218(a), plaintiffs are only entitled
to liquidated damages at the federally-established minimum wage rate. *See, e.g.*, *Gurung v.
Malhotra*, 851 F. Supp. 2d 583, 592 (S.D.N.Y. 2012). However, Plaintiffs Moore and Guerra
also bring their claims under California State Law and local laws, which require that liquidated
damages be paid on minimum wage claims at the applicable state or local minimum wage rate.
*See* Cal. Labor Code § 1194.2; Los Angeles Cty Code of Ordinances § 8.100.040(A)(1).

Case No. 2:19-cv-9506
                                            Original Complaint

73.     The above-described mandatory work time completed "off-the-clock" was not included in Plaintiffs' and putative Class and Collective Action Members' itemized wage statements.

74.     Defendant willfully did not pay Plaintiffs and putative Class and Collective Action Members the sums due pursuant to work performed "off-the-clock" at the time of their separation from employment with Allied Universal.

75.     Defendant either knew or should have known that Plaintiffs were required to work "off-the-clock." Defendant could have easily determined how long it took for its security guards to complete duties performed "off-the-clock" or could have permitted Plaintiffs and similarly situated security guard employees to "clock in" as soon as they began performing job duties and "clock out" when they were fully relieved of duty.

76.     Frequently, Defendant did not send relief guards to the off-site locations where Plaintiffs worked to relieve them for meal and rest breaks. As a result, Plaintiffs often did not receive meal and rest breaks required by relevant state laws.

77.     Defendant did not pay any statutorily-prescribed penalty for its failure to relieve its workers during mandatory meal and rest breaks.

78.     On information and belief, this failure to provide all meal and rest breaks required by state law applied to all nonexempt, hourly-paid security guard employees of Defendant.

79.    Because of this policy and/or practice, Defendant failed to pay Plaintiffs and relevant putative Class Action Members all wages to which they were entitled by law.

80.    Defendant willfully failed pay Plaintiffs and relevant putative Class Action Members the sums due pursuant to uncompensated or undercompensated meal and rest breaks at the time of their separation from employment with Allied Universal.

81.    Defendant intentionally and/or willfully failed to pay Plaintiffs and putative Class and Collective Action Members all wages owed in violation of the FLSA and relevant state laws.

## V.    FLSA CLAIMS FOR MINIMUM WAGES, STRAIGHT TIME COMPENSATION, AND OVERTIME PAY

82.    Plaintiffs incorporate the preceding paragraphs by reference as if set forth fully in this section.

### A.    FLSA Coverage

83.    All conditions precedent to this suit, if any, have been fulfilled.

84.    At all times relevant to this lawsuit, Defendant is/was an eligible and covered employer under the FLSA pursuant to 29 U.S.C. § 203(d).

85.    At all times relevant to this lawsuit, Defendant is/has been an enterprise engaged in commerce under the FLSA pursuant to 29 U.S.C. § 203(s)(1)(A).

86.    At all times relevant to this lawsuit, Defendant has employed, and continues to employ, thousands of employees including Plaintiffs and the putative

Case No. 2:19-cv-9506
Original Complaint

Collective Action Members who engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206-207.

87.    At all times relevant to this lawsuit, Defendant has had gross operating revenues or business volume in excess of $500,000.

**B.    FLSA Allegations**

88.    The FLSA applied to Plaintiffs and the putative Collective Action Members when they worked as hourly-paid security guard employees of Defendant Allied Universal at locations across the country.

89.    At relevant times, Plaintiffs and the putative Collective Action Members were employees of Defendant pursuant to the FLSA.

90.    On information and belief, thousands of hourly-paid security guard employees worked for Defendant Allied Universal in connection with its security and facility services enterprise during the three years preceding the filing of this action.

91.    During the relevant time period, Plaintiffs and the putative Collective Action Members performed uncompensated work as required by Defendant before and after their shifts began.

92.    Defendant's requirement that Plaintiffs perform work "off-the-clock" without compensation violated the FLSA's overtime and minimum wage provisions. 29 U.S.C. § 206, 207.

93.    Finally, federal law requires employers to make and keep accurate and detailed payroll data for nonexempt employees. 29 U.S.C. § 211(c); 29 C.F.R. § 516.2. Amongst other things, the regulations require employers to make and keep

payroll records showing data such as the employee's name, social security number, occupation, time of day and day of week which the workweek begins, regular hourly rate of pay for any week in which overtime pay is due, hours worked each workday and total hours worked each workweek, total daily or weekly straight time earnings, total premium pay for overtime hours, total wages paid each pay period and date of payment and pay period covered by the payment, and records of remedial payments. 29 C.F.R. § 516.2(a)&(b). Employers are required to maintain the foregoing data for a minimum of three years. 29 C.F.R. § 516.5. Because of the work that Plaintiffs and the putative Collective Action Members were required to complete "off-the-clock," Defendant has failed to keep accurate records pursuant to the foregoing requirements.

**C.    Collective Action Allegations**

94.    Plaintiffs seek to bring their claims under the FLSA on behalf of themselves and all other nonexempt hourly-paid security guard employees who were required to complete mandatory pre- and post-liminary tasks without compensation in the three years immediately preceding the date on which this action was filed and continuing thereafter through the date on which final judgment is entered. Those who file a written consent will be a party to this action pursuant to 29 U.S.C. § 216(b).

95.    Plaintiffs have actual knowledge that putative Collective Action Members have been denied wages for all hours worked in each workweek. Plaintiffs worked with other nonexempt hourly-paid security guard employees who similarly did not receive compensation for time worked outside of scheduled shifts.

Case No. 2:19-cv-9506
Original Complaint

This resulted in personal knowledge of the treatment of their co-workers at those locations. Furthermore, other nonexempt hourly-paid security guard employees have shared with the Plaintiffs that they experienced similar pay violations as those described in this Complaint.

96.    The putative Collective Action Members are similarly situated to Plaintiffs in all relevant respects, having worked on an hourly-pay basis relative to providing security guard services on behalf of Defendant as employees, and receiving no compensation for required work performed outside of scheduled shifts.

97.    The putative Collective Action Members regularly work or have worked in excess of forty hours during a workweek.

98.    Defendant's failure to pay minimum wages and overtime compensation in connection with mandatory pre- and post-liminary work results from generally applicable policies or practices, and does not depend on the personal circumstances of the putative Collective Action Members.

99.    The specific job titles or precise job responsibilities of each putative Collective Action Member do not prevent collective treatment.

100.    Although the exact amount of damages may vary among the putative Collective Action Members, the damages are easily calculable using a simple formula uniformly applicable to all of them.

101.    Plaintiffs propose that the class of putative Collective Action Members be defined as:

> All current and former non-exempt, hourly-paid security guard
> employees who worked at any location nationwide at any time within

Case No. 2:19-cv-9506
Original Complaint

the three years prior to the date of filing of this Complaint through the date of the final disposition of this action who were denied minimum and/or overtime wages in connection with Defendant's policy and/or practice of requiring mandatory pre- and post-shift work to be completed off-the-clock without any compensation.

## VI.    CALIFORNIA STATE LAW CLAIMS

102.    Plaintiffs Reginald Moore and Eduardo Guerra (the "California Plaintiffs") incorporate the preceding paragraphs by reference as if set forth fully in this section.

### A.    Controlling California State Law and Allegations

103.    California law requires payment of wages for all hours worked by an employee at a rate no lower than the applicable minimum wage. Cal. Labor Code. § 1182.12, § 1194.2; Los Angeles Cty Code of Ordinances § 8.100.040(A)(1).

104.    At times relevant to this lawsuit, California Plaintiffs and the California Class have been paid at or near the applicable minimum wage.

105.    California law requires payment of overtime wages to all nonexempt employees at a rate of overtime compensation at a rate of one and one-half times the regular rate of pay for all hours worked over forty per week, or over eight per day, or for the first eight hours of work on the seventh consecutive day of work in a workweek, and at a rate of twice the regular rate of pay for all hours worked in excess of 12 hours in one day, and for any hours worked in excess of eight hours on the seventh consecutive day of work in a workweek. Cal. Labor Code § 510.

106.    California Plaintiffs and putative California Class Members frequently worked in excess of eight hours in a day or forty hours in a week.

107.    Defendant's policy or practice of requiring that California Plaintiffs and the putative California Class Members complete mandatory tasks before and

after their shifts, while only being compensated for hours encompassed by the scheduled shift, resulted in a failure to pay all minimum and/or overtime wages owed under California State Law.

108.   California Plaintiffs routinely work and have worked in excess of five-hour shifts without being afforded at least a half-hour meal break in which they were relieved of all duty, as required by California Labor Code §§ 226.7 & 512 and California Wage Order 4-2001, § 11(A).

109.   Defendant did not pay the mandatory penalty when it failed to relieve California Plaintiffs of all duty for meal breaks, as required by California Labor Code § 226.7 and California Wage Order 4-2001, § 11(B).

110.   As the result of Defendant's failure to afford proper meal periods, it is liable to California Plaintiffs for one hour of additional pay at the regular rate of compensation for each workday that the proper meal periods were not provided, pursuant to California Labor Code § 226.7 and California Wage Order 4-2001, § 11(B).

111.   In addition, California Plaintiffs regularly work and have worked without being afforded at least one ten-minute rest break in which they were relieved of all duty per four hours of work performed or major fraction thereof, as required by California Wage Order 4-2001, § 12(A).

112.   Defendant did not pay the mandatory penalty when it failed to fully relieve California Plaintiffs of all duty for rest breaks, as required by California Labor Code § 226.7 and California Wage Order 4-2001, § 12(B).

113.    As the result of Defendant's failure to afford proper rest periods, it is liable to California Plaintiffs for one hour of additional pay at the regular rate of compensation for each workday that the proper meal periods were not provided, pursuant to California Labor Code § 226.7 and California Wage Order 4-2001, § 12(B).

114.    California law requires employers to pay all wages due to an employee immediately upon discharge and within the time required by law after their employment ends. Cal. Labor Code §§ 201, 202. Should an employer willfully fail to timely pay its employee, the employer must, as a penalty, continue to pay the subject employees' wages until the back wages are paid in full or an action is commenced, up to a maximum of thirty days wages. Cal. Labor Code § 203.

115.    Defendant's scheme to withhold payment for mandatory tasks completed before and after compensated shifts and its failure to provide compliant meal and rest breaks resulted in retention of wages to be paid to California Plaintiffs and the putative California Class after their employment with Defendant ended.

116.    Because California Plaintiffs and the putative California Class were employees of Defendant, its retention of money owed to them after their employment with Defendant ended was a violation of California State Law.

117.    Furthermore, California Labor Code § 226(a) requires employers to furnish employees with itemized wage statements including, *inter alia*, an accurate depiction of all hours worked.

118.    Defendant's requirement that California Plaintiffs and the putative California Class complete mandatory tasks before and after compensated shifts without pay and its failure to provide compliant meal and rest breaks resulted in a violation of the provision of the California Labor Code which requires that employees receive a wage statement containing an accurate representation of their hours of work, total hours worked, gross wages earned, net wages earned, and/or all applicable hourly rates in effect with the corresponding number of hours worked at each hourly rate.

119.    Defendant was aware that its failure to pay minimum wages and overtime compensation was unlawful pursuant to California State Law.

**B.    Class Action Allegations**

120.    California Plaintiffs bring their claims for relief under California State Law, listed above, for violations of California's wage and hour laws as a class action, pursuant to Rules 23(a), (b)(2), & (b)(3) of the Federal Rules of Civil Procedure.

121.    Numerosity (FED. R. CIV. P. 23(a)(1)) – the California Class is so numerous that joinder of all members is impracticable. On information and belief, during the relevant time period thousands of individuals worked for Defendant in the state of California.

122.    Commonality (FED. R. CIV. P. 23(a)(2)) – Common questions of law and fact exist as to putative members of the California Class, including, but not limited to, the following:

Case No. 2:19-cv-9506
Original Complaint

a.    Whether Defendant unlawfully failed to pay all wages owed in violation of the California Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200-17210, and the California Labor Code and related regulations including the California Private Attorneys General Act, ("PAGA");

b.    Whether Defendant maintained a policy or practice of failing to pay the California Class for time spent completing mandator pre- and post-liminary duties in violation of California law and resulting in minimum wage and overtime violations;

c.    Whether Defendant maintained a policy or practice of failing to provide meal and rest breaks as required by California law;

d.    Whether Defendant unlawfully failed to keep and furnish the putative California Class with records of hours worked, in violation of California law;

e.    Whether Defendant's policy or practice of failing to pay the putative California Class all wages due immediately upon discharge violates the California law;

f.    Whether Defendant's policy or practice of failing to pay the putative California Class all wages due within the time required by law after their employment ends violates California law; and

g.    The proper measure of damages sustained by the putative California Class.

123.    <u>Typicality</u> (FED. R. CIV. P. 23(a)(3)) – California Plaintiffs' claims are typical of those of the putative California Class. Plaintiffs, like other California

Class Members, were subjected to Defendant's policy or practice of refusing to pay wages for completion of mandatory pre- and post-liminary work and failure to comply with relevant state laws regarding meal and rest breaks in violation of California law. Plaintiffs' job duties and claims are typical of those of the putative California Class.

124.   Adequacy (FED. R. CIV. P. 23(a)(4)) – California Plaintiffs will fairly and adequately represent and protect the interests of the putative California Class.

125.   Adequacy of counsel (FED. R. CIV. P. 23(g)) – California Plaintiffs have retained counsel competent and experienced in complex class actions, the FLSA, and state labor and employment litigation. Plaintiffs' counsel has litigated numerous class actions on behalf of nonexempt employees asserting off-the-clock claims under the FLSA and state law. Plaintiffs' counsel intends to commit the necessary resources to prosecute this action vigorously for the benefit of all of the putative California Class.

126.   Class certification of the California State Law claims is appropriate pursuant to FED. R. CIV. P. 23(b)(2) because Defendant has acted or refused to act on grounds generally applicable to the putative California Class, making appropriate declaratory and injunctive relief with respect to California Plaintiffs and the putative California Class as a whole. Plaintiffs are entitled to injunctive relief to end Defendant's policy or practice of refusing to pay wages for completion of mandatory pre- and post-liminary work to its employees, and Defendant's refusal to comply with state law regarding meal and rest breaks in violation of California law.

Case No. 2:19-cv-9506
Original Complaint

127.   Predominance and superiority (FED. R. CIV. P. 23(b)(3)) – Class certification of the California State Law claims is also appropriate under Rule 23(b)(3) of the Federal Rules of Civil Procedure because questions of law and fact common to the putative California Class predominate over any questions affecting only individual members of the putative California Class, and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation. Defendant's common and uniform policies or practices unlawfully fail to compensate the putative California Class. The damages suffered by individual members of the putative California Class are small compared to the expense and burden of individual prosecution of this litigation. In addition, class certification is superior because it will obviate the need for unduly duplicative litigation which might result in inconsistent judgments about Defendant's policy or practice.

128.   Notice (FED. R. CIV. P. 23(c)(2)(B)) – California Plaintiffs intend to send notice to all members of the putative California Class to the extent provided by Rule 23.

129.   California Plaintiffs propose that the three classes to be certified be defined as:

> All current and former nonexempt, hourly-paid security guard employees who worked at any location in California at any time within the four years prior to the date of filing of this Complaint through the date of the final disposition of this action who were denied minimum wages or overtime compensation for time spent completing mandatory pre- and post-shift work off-the-clock without any compensation, and whose wage statements were consequently inaccurate in violation of California Law (the putative "Off-the-Clock Class Members");

Case No. 2:19-cv-9506
Original Complaint

All current and former nonexempt, hourly-paid security guard employees who worked at any location in California at any time within the four years prior to the date of filing of this Complaint through the date of the final disposition of this action who were denied compensation due to Defendant's failure to provide meal and/or rest breaks or penalty pay, and whose wage statements were consequently inaccurate in violation of California Law (the putative "Break Class Members");

and

All former nonexempt, hourly-paid security guard employees who worked at any location in California at any time within the four years prior to the date of filing of this Complaint through the date of the final disposition of this action who did not receive all wages due at the time of termination or within seventy-two hours of resignation (the putative "§ 203 Class Members").

130.   California Plaintiffs reserve the right to refine this definition or establish sub-classes in the event that discovery reveals that a more appropriate class definition exists.

131.   California Plaintiffs also seek to bring this action as aggrieved employees on behalf of themselves and other current former employees pursuant to the California Private Attorneys General Act ("PAGA") of 2004, Cal. Labor Code §§ 2698-2699.5.

## VII.   COLORADO STATE LAW CLAIMS

132.   Plaintiff Alisa Jones (the "Colorado Plaintiff") incorporates the preceding paragraphs by reference as if set forth fully in this section.

**A.    Controlling Colorado State Law and Allegations**

133.   At all relevant times, Defendant has been and continues to be an employer of Colorado Plaintiff and the putative Colorado Class Members within the meaning of the Colorado Wage Claim Act.

134.   At all relevant times, Defendant has employed, and continues to employ, employees, including Colorado Plaintiff and the putative Colorado Class Members within the meaning of the Colorado Wage Claim Act.

135.   Defendant is a covered employer under Colorado Minimum Wage Order Number 35; it is an industry engaged in Commercial Support Service because it provides security personnel to its customers. 7 Colo. Code Regs. § 1103-1:1(A) ("any business or enterprise engaged directly or indirectly in providing services to other commercial firms through the use of service employees who perform duties such as: [. . .] security [. . .].").

136.   Consequently, Defendant was and is required to compensate its employees in Colorado at a rate not less than $11.10 effective January 1, 2019 (and prior to January 1, 2019, at the applicable minimum wage rate) for all hours worked. 7 Colo. Code Regs. § 1103-1:3.

137.   At times relevant to this lawsuit, Colorado Plaintiff and the putative Colorado Class Members received pay at or near the minimum hourly rate established by the State of Colorado.

138.   Furthermore, Defendant was and is required to its employees' overtime wages at a rate of one and one-half their respective regular rates of pay for any work over (1) forty (40) hours per workweek; (2) twelve (12) hours per workday; or (3) twelve (12) consecutive hours without regard to the starting and ending time of the workday. 7 Colo. Code Regs. § 1103-1:4.

139.   Colorado Plaintiff and the putative Colorado Class Members often worked over forty (40) hours per workweek, and sometimes worked over twelve

(12) hours per workday or twelve (12) consecutive hours without regard to the starting and ending time of the workday.

140.    Defendant's policy or practice of requiring that Colorado Plaintiff and the putative Colorado Class Members complete mandatory tasks before and after their shifts, while only being compensated for hours encompassed by the scheduled shift, resulted in a failure to pay all minimum and/or overtime wages owed under Colorado State Law.

141.    Colorado Minimum Wage Order Number 35 provides that employees of a covered employer shall be entitled to an uninterrupted and "duty free" meal period of at least a thirty-minute duration when the scheduled work shift exceeds five consecutive hours of work. 7 Colo. Code Regs. § 1103-1:7.

142.    Colorado Minimum Wage Order Number 35 also provides that employees are to receive compensated rest periods of ten (10) minutes for each four (4) hours of work or major fractions thereof. 7 Colo. Code Regs. § 1103-1:8.

143.    Colorado Plaintiff and the putative Colorado Class Members are entitled to bring a private civil action with regard to Defendant's failure to afford proper meal and rest breaks pursuant to Colorado State Law. *See, e.g.*, *Sobolewski v. Boselli & Sons, LLC*, 342 F. Supp. 3d 1178, 1184 (D. Colo. 2018) (citing 7 Colo. Code Regs. § 1103-1:18) ("[. . .] an employee-plaintiff may bring a private civil action for violations of the Wage Order's meal and rest period regulations.").

144.    Colorado Plaintiff and the putative Colorado Class Members routinely worked without receiving meal and rest breaks as required by Colorado State Law.

145.   As the result of Defendant's failure to afford proper meal and rest breaks, it is liable to Colorado Plaintiff and the putative Colorado Class Members for additional wages for minimum wage violations in weeks where Colorado Plaintiff and the putative Colorado Class Members worked fewer than forty hours, and for overtime violations in weeks where Colorado Plaintiff and the putative Colorado Class Members worked over forty hours.

146.   Defendant was aware that its failure to pay minimum wages and overtime compensation was unlawful pursuant to Colorado State Law.

**B.     Class Action Allegations**

147.   Plaintiff brings her claims for relief under Colorado State Law, listed above, for violations of Colorado's wage and hour laws as a class action, pursuant to Rule 23(a), (b)(2), & (b)(3) of the Federal Rules of Civil Procedure.

148.   <u>Numerosity</u> (FED. R. CIV. P. 23(a)(1)) – the Colorado Class is so numerous that joinder of all members is impracticable. On information and belief, during the relevant time period thousands of individuals worked for Defendant in the state of Colorado.

149.   <u>Commonality</u> (FED. R. CIV. P. 23(a)(2)) – Common questions of law and fact exist as to putative members of the Colorado Class, including, but not limited to, the following:

a.     Whether Defendant maintained a policy or practice of failing to provide the Colorado Class with meal and lunch breaks as required by Colorado law; and

b.    The proper measure of damages sustained by the putative Colorado Class.

150.    Typicality (FED. R. CIV. P. 23(a)(3)) – Colorado Plaintiff's claims are typical of those of the putative Colorado Class. Colorado Plaintiff, like other Colorado Class Members, was subjected to Defendant's policy or practice of failing to provide the Colorado Class with rest and meal breaks in violation of Colorado law. Plaintiffs' job duties and claims are typical of those of the putative Colorado Class.

151.    Adequacy (FED. R. CIV. P. 23(a)(4)) – Plaintiff will fairly and adequately represent and protect the interests of the putative Colorado Class.

152.    Adequacy of counsel (FED. R. CIV. P. 23(g)) – Plaintiff has retained counsel competent and experienced in complex class actions, the FLSA, and state labor and employment litigation. Plaintiff's counsel has litigated numerous class actions on behalf of nonexempt employees asserting off-the-clock claims under the FLSA and state law. Plaintiff's counsel intends to commit the necessary resources to prosecute this action vigorously for the benefit of all of the putative Colorado Class.

153.    Class certification of the Colorado Law claims is appropriate pursuant to Rule 23(b)(2) of the Federal Rules of Civil Procedure because Defendant has acted or refused to act on grounds generally applicable to the putative Colorado Class, making appropriate declaratory and injunctive relief with respect to Plaintiffs and the putative Colorado Class as a whole. Plaintiff is entitled to

injunctive relief to end Defendant's policy or practice of failing to comply with state law regarding meal and rest breaks in violation of Colorado law.

154.    Predominance and superiority (FED. R. CIV. P. 23(b)(3)) – Class certification of the Colorado State Law claims is also appropriate under Rule 23(b)(3) of the Federal Rules of Civil Procedure because questions of law and fact common to the putative Colorado Class predominate over any questions affecting only individual members of the putative Colorado Class, and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation. Defendant's common and uniform policies or practices unlawfully fail to compensate the putative Colorado Class. The damages suffered by individual members of the putative Colorado Class are small compared to the expense and burden of individual prosecution of this litigation. In addition, class certification is superior because it will obviate the need for unduly duplicative litigation which might result in inconsistent judgments about Defendant's policy or practice.

155.    Notice (FED. R. CIV. P. 23(c)(2)(B)) – Plaintiff intends to send notice to all members of the putative Colorado Class to the extent provided by Rule 23.

156.    Plaintiff proposes that the Colorado classes be defined as:

All current and former non-exempt, hourly-paid security guard employees who worked at any location in Colorado at any time within the six years prior to the date of filing of this Complaint through the date of the final disposition of this action who were denied compensation due to Defendant's  policy and/or practice of requiring mandatory pre- and post-shift work to be completed off-the-clock without any compensation;

and

All current and former non-exempt, hourly-paid security guard employees who worked at any location in Colorado at any time within

Case No. 2:19-cv-9506
Original Complaint

the six years prior to the date of filing of this Complaint through the date of the final disposition of this action who were denied compensation due to Defendant's failure to provide meal and/or rest breaks in violation of Colorado law.

157.   Colorado Plaintiff reserves the right to refine this definition or establish sub-classes in the event that discovery reveals that a more appropriate class definition exists.

## VIII.  CAUSES OF ACTION

### 1.    First Claim for Relief – Violation of the FLSA

158.   Plaintiffs incorporate the preceding paragraphs by reference as if set forth fully in this section, unless inconsistent.

159.   The foregoing conduct, as alleged violated the FLSA.

160.   Plaintiffs and the putative Collective Action were employees of Defendant under the FLSA. 29 U.S.C. § 203(d) & 203(e)(1).

161.   Defendant was and is required to pay its employees, Plaintiffs and the putative Collective Action, at least the minimum wage for all hours worked under forty in a given workweek. 29 U.S.C. § 206.

162.   Defendant failed to pay Plaintiffs and the putative Collective Action the federally-mandated minimum wage for all hours worked under forty in a given workweek due to its policy or practice of requiring mandatory pre- and post-shift work to be completed off-the-clock without any compensation.

163.   Defendant was and is required to pay its employees, Plaintiffs and the putative Collective Action, overtime premiums in the amount of one and one-half times their regular rate of pay for all hours worked over forty hours in a given workweek. 29 U.S.C. § 207.

164.    Defendant failed to pay Plaintiff and the putative Collective Action their federally mandated overtime wages for all hours worked over 40 in a given workweek due to its policy or practice of requiring mandatory pre- and post-shift work to be completed off-the-clock without any compensation.

165.    Accordingly, Plaintiffs and the putative Collective Action are entitled to the full statutory minimum wages set forth in 29 U.S.C. §§ 206 and 207.

166.    Defendant's conduct was willful and done to avoid paying minimum wages and overtime. 29 U.S.C. § 255(a). Therefore, Plaintiffs and the putative Collective Action are entitled to recover damages based on the FLSA's three (3) year statutory limitations period.

167.    Plaintiffs seek all damages to which they are entitled under the FLSA, including their back minimum wages, back overtime wages, liquidated damages, attorneys' fees and costs, post-judgment interest, and specifically plead recovery for the three (3) year period preceding the filing of this lawsuit through its resolution.

### 2.    Second Claim for Relief – Violations of California Unfair Competition Law, Cal. Bus. & Prof. Code, §§ 17200-17210

168.    Plaintiffs Reginald Moore and Eduardo Guerra (the "California Plaintiffs") incorporate the preceding paragraphs by reference as if set forth fully in this section, unless inconsistent.

169.    The foregoing conduct, as alleged, violates the California Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code §§ 17200-17210. The UCL

prohibits unfair competition by prohibiting, *inter alia*, any unlawful or unfair business acts or practices.

170.    At some point more than four years ago, Defendant committed and continue to commit, acts of unfair competition, as defined by the UCL, by, among other things, engaging in the acts and practices described herein. Defendant's conduct as herein alleged has injured California Plaintiffs and the putative California Class by wrongfully denying them earned wages, and therefore was substantially injurious to California Plaintiffs and the putative California Class.

171.    Defendant engaged in unfair competition in violation of the UCL by violating, *inter alia*, each of the following laws. Each of these violations constitutes an independent and separate violation of the UCL:

a.    The Fair Labor Standards Act, 29 U.S.C. §§ 201-219, and the Portal-to-Portal Act, 29 U.S.C. §§ 251-262;

b.    California Labor Code § 1182.12, which provides in pertinent part:

> Notwithstanding any other provision of this part, on and after July 1, 2014, the minimum wage for all industries shall be not less than nine dollars ($9) per hour, and on and after January 1, 2016, the minimum wage for all industries shall be not less than ten dollars ($10) per hour;

c.    California Labor Code § 1194, which provides in pertinent part:

> Notwithstanding any agreement to work for a lesser wage, any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorney's fees, and costs of suit;

d.    California Labor Code § 1182.13 and MW-2019, setting minimum wage for 2017 at $10.50, for 2018 at $11.00, and for 2019 at $12.00 for employers with 26 or more employees;

e.    California Labor Code §§ 201-203, and 226;

f.    California Labor Code § 1174; and

g.    California Labor Code § 510, which provides in relevant part:

> Any work in excess of eight hours in one workday and any work in excess of 40 hours in any one workweek and the first eight hours worked on the seventh day of work in any one workweek shall be compensated at the rate of no less than one and one-half times the regular rate of pay for an employee. Any work in excess of 12 hours in one day shall be compensated at the rate of no less than twice the regular rate of pay for an employee. In addition, any work in excess of eight hours on any seventh day of a workweek shall be compensated at the rate of no less than twice the regular rate of pay of an employee

172.    Defendant's course of conduct, acts, and practices in violation of the California laws mentioned in the above paragraph constitute a separate and independent violation of the UCL. Defendant's conduct described herein violates the policy or spirit of such laws or otherwise significantly threatens or harms competition.

173.    The unlawful and unfair business practices and acts of Defendant, described above, have injured California Plaintiffs and the putative California Class in that they were wrongfully denied payment of earned wages.

174.    California Plaintiffs, on behalf of themselves and the putative California Class, seeks restitution in the amount of the respective unpaid wages earned and due at a rate of not less than the minimum wage for all hours worked

Case No. 2:19-cv-9506
Original Complaint

under 40 in a given workweek or under eight on a given day, and overtime wages earned and due at a rate not less than one and one-half times the regular rate of pay for work performed in excess of forty hours in a workweek, or eight hours in a day, or for the first eight hours of work performed on the seventh consecutive day of work, and double the regular rate of pay for work performed in excess of twelve hours per day and for all work over eight hours on the seventh consecutive day of work in a workweek.

175.   California Plaintiffs seek recovery of attorneys' fees and costs of this action to be paid by Defendant, as provided by the UCL and California Labor Code §§ 218, 218.5, & 1194.

**3.     Third Claim for Relief – California Minimum Wage Violations, Cal. Wage Order No. MW-2019; Cal. Labor Code §§ 1182.11, 1182.12, & 1194**

176.   The California Plaintiffs incorporate the preceding paragraphs by reference as if set forth fully in this section, unless inconsistent.

177.   The California Labor Code requires that all employees be paid minimum wages by their employers. The current applicable California Minimum Wage is $12.00. Cal. Labor Code § 1182.12, MW-2019. Before January 1, 2019, the California Minimum Wage was 11.00; before January 1, 2018, the California Minimum Wage was $10.50; before January 1, 2017, the California Minimum Wage was $10.00; and before January 1, 2016, the California Minimum Wage was $9.00.[6]

---

[6]   *See generally*, State of Cal. Dep't of Indus. Relations, *History of California Minimum Wage* https://www.dir.ca.gov/iwc/MinimumWageHistory.htm (last accessed November 5, 2019).

178.   The California Minimum Wage is and has, at all times relevant to this lawsuit, always been higher than the minimum wage required by the FLSA. Therefore, the higher California Minimum Wage applies to California Plaintiffs and all members of the putative California Off-the-Clock Class. 29 U.S.C. § 218(a).

179.   Defendant's policy or practice of requiring California Plaintiffs and the putative California Off-the-Clock Class to complete mandatory pre- and post-shift work off-the-clock without any compensation resulted in violations of these minimum wage provisions.

180.   As a direct and proximate result of Defendant's unlawful conduct, as set forth herein, California Plaintiffs and the putative California Off-the-Clock Class have sustained damages, including loss of earnings for hours worked under forty in a workweek, or under eight hours per day ("straight time") during the four year period relevant to this lawsuit in an amount to be established at trial, prejudgment interest, liquidated damages in an amount equal to the back wages[7] and costs and attorneys' fees, pursuant to statute and other applicable law.

**4.    Fourth Claim for Relief – California Overtime Violations, Cal. Wage Order No. 5-2001/7-2001; Cal. Labor Code §§ 510, 1194**

181.   The California Plaintiffs incorporate the preceding paragraphs by reference as if set forth fully in this section, unless inconsistent.

---

[7]   *See* Cal. Labor Code § 1194.2 (authorizing liquidated damages for an employer's failure to pay minimum wages).

Case No. 2:19-cv-9506

Original Complaint

182.    California law requires an employer to pay overtime compensation to all nonexempt employees at a rate of overtime compensation at a rate of one and one-half times the regular rate of pay for all hours worked over forty per week, or over eight per day, or for the first eight hours of work on the seventh consecutive day of work in a workweek, and at a rate of twice the regular rate of pay for all hours worked in excess of 12 hours in one day, and for any hours worked in excess of eight hours on the seventh consecutive day of work in a workweek. Cal. Labor Code § 510.

183.    California wage and hour laws provide greater protections for workers than the FLSA. Therefore, California wage and hour laws apply to California Plaintiffs and all members of the putative California Off-the-Clock Class where they provide greater protections to workers. 29 U.S.C. § 218(a).

184.    Throughout the time period relevant to this claim for relief, California Plaintiffs and the putative California Off-the-Clock Class worked in excess of eight hours in a workday and/or forty hours in a workweek. California Plaintiffs and the putative California Class also sometimes worked in excess of 12 hours in one day and for over eight hours on a seventh consecutive day of work.

185.    Defendant's policy or practice of requiring California Plaintiffs and the putative California Off-the-Clock Class to complete mandatory pre- and post-shift work off-the-clock without any compensation resulted in violations of these overtime wage provisions.

186.    As a direct and proximate result of Defendant's unlawful conduct, as set forth herein, California Plaintiffs and the putative California Off-the-Clock

Case No. 2:19-cv-9506
Original Complaint

Class have sustained damages, including loss of earnings for hours of overtime worked on behalf of Defendant during the four year period relevant to this lawsuit in an amount to be established at trial, prejudgment interest, and costs and attorneys' fees, pursuant to statute and other applicable law.

### 5.    Fifth Claim for Relief – California Meal and Rest Provisions, Cal. Wage Order No. 4-1001; Cal. Labor Code §§ 218.5, 226.7, & 512

187.    The California Plaintiffs incorporate the preceding paragraphs by reference as if set forth fully in this section, unless inconsistent.

188.    California Plaintiffs and the putative California Break Class Members routinely work and have worked in excess of five-hour shifts without being afforded at least a half-hour meal break in which they were relieved of all duty, as required by California Labor Code §§ 226.7 & 512 and California Wage Order 4-2001, § 11(A).

189.    Defendant did not pay the mandatory penalty when it failed to relieve California Plaintiffs and the putative California Break Class Members of all duty for meal breaks, as required by California Labor Code § 226.7 and California Wage Order 4-2001, § 11(B).

190.    As the result of Defendant's failure to afford proper meal periods, it is liable to California Plaintiffs and the putative California Break Class Members for one hour of additional pay at the regular rate of compensation for each workday that the proper meal periods were not provided, pursuant to California Labor Code § 226.7 and California Wage Order 4-2001, § 11(B).

191.   In addition, California Plaintiffs and the putative California Break Class Members regularly work and have worked without being afforded at least one ten-minute rest break in which they were relieved of all duty per four hours of work performed or major fraction thereof, as required by California Wage Order 4-2001, § 12(A).

192.   Defendant did not pay the mandatory penalty when it failed to fully relieve California Plaintiffs and the putative California Break Class Members of all duty for rest breaks, as required by California Labor Code § 226.7 and California Wage Order 4-2001, § 12(B).

193.   As the result of Defendant's failure to afford proper rest periods, it is liable to California Plaintiffs and the putative California Break Class Members for one hour of additional pay at the regular rate of compensation for each workday that the proper meal periods were not provided, pursuant to California Labor Code § 226.7 and California Wage Order 4-2001, § 12(B).

194.   In the event California Plaintiffs and the putative California Break Class Members are successful in prosecuting this claim, they are entitled to an award of reasonable attorney's fees and costs pursuant to California Labor Code § 218.5.

**6.    Sixth Claim for Relief – California Record-Keeping Provisions, Cal. Wage Order No. 5-2001/7-2001; Cal. Labor Code §§ 226, 1174, &1174.5**

195.   The California Plaintiffs incorporate the preceding paragraphs by reference as if set forth fully in this section, unless inconsistent.

Case No. 2:19-cv-9506
Original Complaint

196.   Defendant knowingly and intentionally failed to provide timely, accurate, itemized wage statements including, *inter alia*, hours worked, to California Plaintiffs and the putative California Off-the-Clock and Break Class Members in accordance with California Labor Code § 226(a) and the applicable IWC Wage Order. Such failure caused injury to California Plaintiffs and the putative California Off-the-Clock and Break Class Members by, among other things, impeding them from knowing the amount of wages to which they were and are entitled. On information and belief, at all times relevant herein, Defendant has failed to maintain records of hours worked by California Plaintiffs and the putative California Off-the-Clock and Break Class Members as required under California Labor Code § 1174(d).

197.   California Plaintiffs and the putative California Off-the-Clock and Break Class Members are entitled to and seek injunctive relief requiring Defendant to comply with Labor Code §§ 226(e) & 1174(d), and further seek the amount provided under Labor Code §§ 226(e) & 1174.5, including the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period.

**7.    Seventh Claim for Relief – California Wage Payment Provisions, Cal. Labor Code §§ 201, 202, & 203**

198.   The California Plaintiffs incorporate the preceding paragraphs by reference as if set forth fully in this section, unless inconsistent.

199.   California Labor Code §§ 201 and 202 require Defendant to pay employees all wages due within the time specified by law. California Labor Code § 203 provides that if an employer willfully fails to timely pay such wages, the employer must, as a penalty, continue to pay the subject employees' wages until the back wages are paid in full or an action is commenced, up to a maximum of thirty days of wages.

200.   California Plaintiffs and the putative California § 203 Class Members who ceased employment with Defendant are entitled to unpaid compensation and other monies, as alleged above, but to date have not received such compensation.

201.   More than thirty days have passed since California Plaintiffs and the putative California § 203 Class Members left Defendant's employ.

202.   As a consequence of Defendant's willful conduct in not paying compensation for all hours worked, Plaintiff and the putative California § 203 Class Members whose employment ended during the class period are entitled to thirty days' wages under Labor Code § 203, together with interest thereon and attorneys' fees and costs.

**8.      Eighth Claim for Relief – California PAGA Claims Cal. Wage Order No. 5-2001/7-2001; Cal. Labor Code §§ 2698-2699.5**

203.   The California Plaintiffs incorporate the preceding paragraphs by reference as if set forth fully in this section, unless inconsistent.

204.   Under the California Private Attorneys General Act ("PAGA") of 2004, Cal. Labor Code §§ 2698-2699.5, an aggrieved employee, on behalf of himself or herself and other current or former employees as well as the general

public, may bring a representative action as a private attorney general to recover penalties for an employer's violations of the California Labor Code and IWC Wage Orders. These civil penalties are in addition to any other relief available under the California Labor Code, and must be allocated 75% to California's Labor and Workforce Development Agency and 25% to the aggrieved employee. Cal. Labor Code § 2699.

205.   Pursuant to Cal. Labor Code § 1198, Defendant's failure to pay proper compensation to California Plaintiffs and the putative California Class, failure to keep and furnish them with records of hours worked, and failure to pay them all wages due immediately upon discharge and within the time required by law after their employment ended is unlawful and constitutes violations of the California Labor Code, each actionable under PAGA.

206.   California Plaintiffs allege, on behalf of themselves and the putative California Class, as well as the general public, that Defendant has violated the following provisions of the California Labor Code and the following provisions of California Wage Orders that are actionable through the Cal. Labor Code and PAGA, as previously alleged herein: Cal. Wage Order No. 4-2001, Cal. Labor Code §§ 201-203, 226, 226.7, 510, 512, 1174, 1174.5, 1182.11, 1182.12, 1194, 1771, and 1774. Each of these violations entitles Plaintiff, as a private attorney general, to recover the applicable statutory civil penalties on her own behalf, on behalf of all aggrieved employees, and on behalf of the general public.

207.   California Plaintiffs are entitled to civil penalties to be paid by Defendant and allocated as PAGA requires, pursuant to Cal. Labor Code

Case No. 2:19-cv-9506
Original Complaint

§ 2699(a), for Defendant's violations of the California Labor Code and relevant IWC Wage Order(s) for which violations a civil penalty is already specifically provided by law. Further, California Plaintiffs are entitled to civil penalties to be paid by Defendant and allocated as PAGA requires, pursuant to § 2699(f) for Defendant's violations of the California Labor Code and IWC Wage Orders for which violations a civil penalty is not already specifically provided.

208.    On November 5, 2019, California Plaintiffs provided written notice by certified mail and electronic submission to the California Labor & Workforce Development Agency ("LWDA") and to Defendant through its registered agent of the legal claims and theories of this case contemporaneously with the filing of the Complaint in this action. California Plaintiffs awaits a response from the LWDA with regard to whether it will investigate the actions in the aforementioned written notice. Accordingly, California Plaintiffs have taken necessary steps to exhaust their administrative remedies, and will amend their pleadings in connection with such exhaustion.

209.    Under PAGA, California Plaintiff and the State of California are entitled to recover the maximum civil penalties permitted by law for the violations of the California Labor Code and Wage Order(s) that are alleged in this Complaint.

**9.    Ninth Claim for Relief – Colorado Minimum Wage Violations, Colorado Wage Claim Act, Colo. Rev. Stat. § 8-4-101 – 8-4-123 ("CWCA"); the Colorado Minimum Wage Act, Colo. Rev. Stat. § 8-6-101 – 8-6-119; and the Colorado Minimum Wage Order Number 35, 7 Colo. Code Regs. § 1103-1 ("CMWA")**

210.    The Colorado Plaintiff incorporates the preceding paragraphs by reference as if set forth fully in this section, unless inconsistent.

211.   The Colorado Wage Claim Act requires that all employees be paid minimum wages by their employers. The current applicable Colorado Minimum Wage is $11.10. 7 Colo. Code Regs. § 1103-1:3.

212.   The Colorado Minimum Wage is and has, at times relevant to this lawsuit, been higher than the minimum wage required by the FLSA. Therefore, the higher Colorado Minimum Wage applies to Colorado Plaintiff and all members of the putative Colorado Classes. 29 U.S.C. § 218(a).

213.   Defendant's policy or practice of requiring Colorado Plaintiff and the putative Colorado Off-the-Clock Class Members to complete mandatory pre- and post-shift work off-the-clock without any compensation resulted in violations of these minimum wage provisions. Similarly, Defendant's failure to provide meal and rest breaks to Plaintiff and the putative Colorado Break Class Members resulted in violations of these minimum wage provisions.

214.   As a direct and proximate result of Defendant's unlawful conduct, as set forth herein, Colorado Plaintiffs and the putative Colorado Class Members have sustained damages, including loss of earnings for hours worked under forty in a workweek, or under twelve hours per day ("straight time") during the six year period relevant to this lawsuit in an amount to be established at trial, and costs and attorneys' fees, pursuant to statute and other applicable law.

**10.    Tenth Claim for Relief – Colorado Overtime Violations, Colorado Wage Claim Act, Colo. Rev. Stat. § 8-4-101 – 8-4-123 ("CWCA"); the Colorado Minimum Wage Act, Colo. Rev. Stat. § 8-6-101 – 8-6-119; and the Colorado Minimum Wage Order Number 35, 7 Colo. Code Regs. § 1103-1 ("CMWA")**

215.    The Colorado Plaintiff incorporates the preceding paragraphs by reference as if set forth fully in this section, unless inconsistent.

216.    The Colorado Wage Claim Act requires an employer to compensate its employees' overtime wages at a rate of one and one-half their respective regular rates of pay for any work over (1) forty (40) hours per workweek; (2) twelve (12) hours per workday; or (3) twelve (12) consecutive hours without regard to the starting and ending time of the workday. 7 Colo. Code Regs. § 1103-1:4.

217.    Colorado wage and hour laws provide greater protections for workers than the FLSA. Therefore, Colorado wage and hour laws apply to Colorado Plaintiff and the putative Colorado Class Members where they provide greater protections to workers. 29 U.S.C. § 218(a).

218.    Throughout the time period relevant to this claim for relief, Colorado Plaintiff and the putative Colorado Class Members worked in excess of twelve hours in a workday and/or forty hours in a workweek.

219.    Defendant's policy or practice of requiring Colorado Plaintiff and the putative Colorado Off-the-Clock Class Members to complete mandatory pre- and post-shift work off-the-clock without any compensation resulted in violations of these overtime wage provisions. Similarly, Defendant's failure to provide meal and rest breaks to Plaintiff and the putative Colorado Break Class Members resulted in violations of these overtime wage provisions.

Case No. 2:19-cv-9506
Original Complaint

220.   As a direct and proximate result of Defendant's unlawful conduct, as set forth herein, Colorado Plaintiffs and the putative Colorado Class Members have sustained damages, including loss of earnings for hours worked over forty in a workweek, or over twelve hours per day during the six year period relevant to this lawsuit in an amount to be established at trial, and costs and attorneys' fees, pursuant to statute and other applicable law.

## IX.    JURY DEMAND

221.   Plaintiffs hereby demand a jury trial on all causes of action and claims for relief with respect to which they and the putative Collective, California, and Colorado Class Action Members have a right to jury trial.

## X.    DAMAGES AND PRAYER

222.   Plaintiffs ask that the Court issue summons for Defendant to appear and answer, and that Plaintiffs and the Collective, California, and Colorado Class Action Members be awarded a judgment against Defendant or order(s) from the Court for the following:

    a.    An order conditionally certifying this case as an FLSA collective action and requiring notice to be issued to all putative Collective Action Members;

    b.    An order certifying that the California State Law Claims may be maintained as a class action pursuant to Federal Rule of Civil Procedure 23;

    c.    An order certifying that the Colorado State Law Claims may be maintained as a class action pursuant to Federal Rule of Civil Procedure 23;

    d.    Designation of Plaintiffs Reginald Moore and Eduardo Guerra as Representatives of the California Class Action Members;

e.    Designation of Alisa Jones as Representative of the Colorado
      Class Action Members;

f.    Designation of attorneys Todd Slobin, Ricardo J. Prieto, and
      Melinda Arbuckle of Shellist Lazarz Slobin, LLP as Class
      Counsel for the California and Colorado Class Action
      Members;

g.    A declaratory judgment that the practices complained of herein
      are unlawful under the FLSA and California and Colorado State
      law;

h.    An injunction against Defendant and its officers, agents,
      successors, employees, representatives, and any and all persons
      acting in concert with Defendant, as provided by law, from
      engaging in each of the unlawful practices, policies, and
      patterns set forth herein;

i.    An award of damages including all unpaid wages at the federal,
      state, or locally mandated minimum wage rate, overtime
      compensation for all hours worked over forty in a workweek,
      or, in California, over eight hours in a day and for the first eight
      hours worked on the seventh consecutive day of work in a
      workweek at the applicable time and one half rate, and at the
      relevant double time rate for hours worked over 12 in a given
      day and for all hours over eight worked on the seventh
      consecutive day of work in a workweek, or, in Colorado, over
      forty hours per workweek, twelve hours per workday; or twelve
      consecutive hours without regard to the starting and ending
      time of the workday liquidated damages, and restitution;

j.    Appropriate statutory penalties;

k.    Costs of action incurred herein, including expert fees;

l.    Attorneys' fees, including fees pursuant to 29 U.S.C. § 216;

m.    Pre-judgment and post-judgment interest, as provided by law;

n.    Such other injunctive and equitable relief as the Court may
      deem just and proper.

Dated: November 5, 2019

                    Respectfully submitted,

                    By:    s/Melinda Arbuckle

Melinda Arbuckle

**SHELLIST | LAZARZ | SLOBIN LLP**
Todd Slobin (to be admitted *Pro Hac Vice*)
tslobin@eeoc.net
Ricardo J. Prieto (to be admitted *Pro Hac Vice*)
rprieto@eeoc.net
11 Greenway Plaza, Suite 1515
Houston, Texas 77046
Telephone: (713) 621-2277
Facsimile: (713) 621-0993

Melinda Arbuckle (Cal. Bar No. 302723)
marbuckle@eeoc.net
402 West Broadway, Suite 400
San Diego, California 92101
Telephone: (713) 621-2277
Facsimile: (713) 621-0993

**FORESTER HAYNIE PLLC**

Matthew Haynie (to be admitted *Pro Hac Vice*)
matthew@foresterhaynie.com
400 N. St. Paul Street #700
Dallas, Texas 75201
Telephone: (214) 346-5909
Facsimile: (214) 210-2100

*Counsel for Plaintiffs and Proposed Class and Collective Action Members*