Todd Slobin (admitted *Pro Hac Vice*)
tslobin@eeoc.net
Ricardo J. Prieto (admitted *Pro Hac Vice*)
rprieto@eeoc.net
SHELLIST | LAZARZ | SLOBIN LLP
11 Greenway Plaza, Suite 1515
Houston, Texas 77046
Telephone: (713) 621-2277
Facsimile: (713) 621-0993

Melinda Arbuckle (Cal. Bar No. 302723)
marbuckle@eeoc.net
SHELLIST | LAZARZ | SLOBIN LLP
402 West Broadway, Suite 400
San Diego, California 92101
Telephone: (713) 621-2277
Facsimile: (713) 621-0993

(additional counsel on signature block)

*Counsel for Plaintiffs and Proposed Class and Collective Action Members*

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
EASTERN DIVISION – RIVERSIDE COUNTY**

| | |
|---|---|
| Reginald Moore, Eduardo Guerra, and Alisa Jones, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>Universal Protection Service, LP d/b/a Allied Universal Security Services<br><br>Defendant. | **Case No.: 5:19-cv-02124-JGB-SP**<br><br>**PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO STAY ACTION (ECF NO. 57)**<br><br>Judge: Hon. Jesus G. Bernal<br>Date: May 18, 2020<br>Time: 9:00 a.m.<br>Courtroom: 1 |

# TABLE OF CONTENTS

I. INTRODUCTION ........................................................................................... 1

II. RELEVANT FACTUAL BACKGROUND .................................................... 1

    A. The Instant Litigation: *Moore v. Universal Protection Service, LP* ................................................................................................................ 1

    B. California Superior Court Proposed Settlement: *Hakeem v. Universal Protection Service, LP* ................................................................ 2

III. ARGUMENTS AND AUTHORITIES ........................................................... 4

    A. Legal Standard .................................................................................... 4

    B. Plaintiffs and Putative Collective Action Members Will Be Prejudiced by a Stay, and Defendant Cannot Demonstrate Hardship or Inequity to Justify that Prejudice ..................................... 5

        1. If the Superior Court Grants Final Approval to the *Hakeem* Settlement, a Process that Will Take Many Months to Years If an Appeal Is Filed, *Moore* Will Still Proceed. ............................................................................................ 6

        2. Generally, a Litigant Must Demonstrate Hardship Beyond the "Intrinsic Inconvenience Arising from Involvement in Litigation" to Justify a Stay. ............................. 7

    C. Even If the Court Determines Defendant Can Adequately Justify the Requested Stay, the Court Should Still Permit the Claims of Unaffected Plaintiffs to Proceed Collectively. ................... 10

    D. The *Colorado River* Doctrine Is Inapplicable to Defendant's Argument that the Case Should Be Stayed Pending Resolution of *Hakeem* ............................................................................................ 10

IV. CONCLUSION .............................................................................................. 13

- i -  Case No. 5:19-cv-02124-JGB-SP
Plaintiffs' Response to Defendant's
Motion to Stay Action

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Blue Cross & Blue Shield of Ala. v. Unity Outpatient Surgery Ctr., Inc.*,
 490 F.3d 718 (9th Cir. 2007) ...................................................................................6

*California v. EPA*,
 360 F. Supp. 3d 984 (N.D. Cal. 2018) ....................................................................4

*Clinton v. Jones*,
 520 U.S. 681 (1997) ................................................................................................4

*CMAX, Inc. v. Hall*,
 300 F.2d 265 (9th Cir. 1962) ..................................................................................4

*Coppernoll v. Hamcor, Inc.*,
 No. C 16-05936 WHA, 2017 WL 1508853 (N.D. Cal. Apr. 27, 2017) .................5

*Daugherty v. Oppenheimer & Co., Inc.*,
 No. C 06-7725 PJH, 2007 WL 1994187 (N.D. Cal. July 5, 2007) .......................12

*Dependable Highway Express, Inc. v. Navigators Ins. Co.*,
 498 F.3d 1059 (9th Cir. 2007) ................................................................................4

*Dibel v. Jenny Craig, Inc.*,
 No. 06CV 2533 BEN (AJB), 2007 WL 2381237 (S.D. Cal. Aug. 10, 2007) ....12

*Dunn v. Teachers Ins. & Annuity Assoc. of Am.*,
 No. 13-cv-05456-HSG, 2016 WL 153266 (N.D. Cal. Jan. 13, 2016) ....................5

*Intel Corp. v. Advanced Micro Devices, Inc.*,
 12 F.3d 908 (9th Cir. 1993) ..................................................................................10

*Johnson v. Serenity Transp., Inc.*,
 No. 15-cv-02004-JSC, 2016 WL 1569984 (N.D. Cal. Apr. 19, 2016) ..................5

*Landis v. N. Am. Co.*,
 299 U.S. 248 (1936) ..........................................................................................4, 12

*Lockyer v. Mirant Corp.*,
 398 F.3d 1098 (9th Cir. 2005) ................................................................................7

*Montez v. Chase Home Fin. LLC*,
 No. 11-CV-530 JLS WMC, 2011 WL 2729445 (S.D. Cal. July 13, 2011) ..........9

*Montgomery v. Target Corp.*,
 No. EDCV 19-4924 JGB (MRWx), 2019 WL 8168064 (C.D. Cal. Sept. 20, 2019) ........................................................................................................................4

- ii -    Case No. 5:19-cv-02124-JGB-SP
Plaintiffs' Response to Defendant's
Motion to Stay Action

*Moses H. Cone Mem'l Hosp. v. Mercury Constr. Co.*,
  460 U.S. 1 (1983) .................................................................................... 10, 11

*Valdez v. Saxon Mortg. Servs., Inc.*
  No. 2:14-CV-03595-CAS, 2015 WL 93387 (C.D. Cal. Jan. 6, 2015) ...............7, 8

*Prime Healthcare Servs.-Shasta LLC v. Price*,
  No. 2:17-cv-00072-TLN-KJN, 2017 WL 2881503 (E.D. Cal. July 6, 2017) ........7

*Ray v. Cal. Dep't of Soc. Servs.*,
  No. CV 17-4239 PA (SKx), 2019 WL 6888050 (C.D. Cal. Dec. 11, 2019)..........5

*Salinas v. San Jose*,
  No. 5:09-cv-4410 EJD, 2012 WL 2906052 (N.D. Cal. July 13, 2012)..............8, 9

*Smith v. Ceva Logistics U.S., Inc.*,
  No. cv 09-4957 CAS (RCx), 2011 WL 13186146 (C.D. Cal. Sept. 28, 2011)......7

*Smith v. Super. Ct.*,
  39 Cal. 4th 77 (2006).....................................................................................7

*Sompo Am. Ins. Servs., LLC v. Plaza Indem. Ins. Co.*,
  No. 2:19-cv-05224-VAP-KSx, 2019 WL 6841988 (C.D. Cal. Oct. 1, 2019)......11

**Statutes**

29 U.S.C. § 256(b) ..............................................................................................5, 6

- iii -  Case No. 5:19-cv-02124-JGB-SP
Plaintiffs' Response to Defendant's
Motion to Stay Action

# RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO STAY ACTION (ECF NO. 57)

## I. INTRODUCTION

Plaintiffs Reginald Moore, Eduardo Guerra, and Alisa Jones, on behalf of themselves and all others similarly situated (collectively, "Plaintiffs") hereby file this their Response in Opposition to Defendant's Motion to Stay. (ECF No. 57, the "Motion").

Defendant Universal Protection Service, LP d/b/a Allied Universal Security Services ("Defendant" or "Allied") is not entitled to a stay in this action due to a pending proposed class action settlement relative to security guards in the state of California because: (1) the proposed class action settlement in *Hakeem* has not received final approval and is not likely to receive final approval given its serious deficiencies; (2) even if the proposed settlement does receive final approval it does not cover all times relevant to this action, and (3) this action does not pertain strictly to claims in the state of California, but rather raises claims under the FLSA for workers across the nation. Similarly, Defendant is not entitled to a stay on the basis of any purportedly enforceable arbitration agreements because there are individuals for whom Defendant has not presented arbitration agreements who have opted-in to this lawsuit and those individuals are entitled to continue with their claims.

For these reasons, and all reasons discussed below, Plaintiffs respectfully request that Defendant's Motion be denied.

## II. RELEVANT FACTUAL BACKGROUND

**A.    The Instant Litigation: *Moore v. Universal Protection Service, LP***

Plaintiffs in this case are security guard workers from throughout the country who are pursuing claims for unpaid wages against Defendant Allied. Plaintiffs assert that Defendant routinely undercompensated them due to its policy of failing

- 1 -    Case No. 5:19-cv-02124-JGB-SP
Plaintiffs' Response to Defendant's
Motion to Stay Action

to pay for mandatory work completed outside of their scheduled working hours. (*See generally* ECF No. 23 (Pl.'s First Am. Compl.).) Plaintiffs bring their claims under the FLSA, as well as under California and Colorado state law which require payments for minimum wages, overtime, expense reimbursements, and other protections. (*Id.*)

Specifically, Plaintiffs were required to complete pre-shift tasks such as completing job turnover duties, mandatory post-shift tasks such as waiting after their shifts for relief, completing paperwork, and briefing relief guards, all without pay. (*Id.* at ¶ 6, 58. *See also* ECF No. 47, p. 11 (Pl.'s Mot. for Conditional Certification of FLSA Collective Action).) Defendants' time keeping policy requires their security guards to call in within a scheduled shift start time, notwithstanding that Defendants required them to begin work much earlier. (*See* ECF No. 47, p. 14.) Defendants' timekeeping policy specifically would reject any attempt to clock in or clock out outside of the scheduled shift start times and stop times, regardless of whether work was to be performed outside a scheduled shift. (*Id.*)

**B.    California Superior Court Proposed Settlement:** *Hakeem v. Universal Protection Service, LP*

Defendant is also attempting to resolve claims against it in the Sacramento Superior Court in a consolidated lawsuit styled *Hakeem v. Universal Protection Service, LP*, Case No. 34-2019-00270901. At the time the *Hakeem* cases were filed, they brought claims only under the California Labor Code and PAGA. However, on January 23, 2020, the *Hakeem* plaintiffs moved for preliminary approval of a proposed class action settlement applicable to workers in California only. The proposed settlement releases a much broader spectrum of wage claims than was originally pleaded for many thousands of security guards in California, including FLSA claims, while providing paltry compensation for meal and rest

break claims only. (*See* Ex. A (proposed class action settlement in *Hakeem*, pp. 19-21).)

In addition, the proposed settlement contains procedures that make opting out of the settlement more cumbersome than is typical (especially now during the COVID-19 pandemic). For instance, the settlement requires a written signature (*i.e.*, a "wet ink" signature), rather than allowing e-signatures which are now commonly used inside and outside of litigation. (*Id.*, p. 18.) This is particularly ironic where, as here, Defendant submits arbitration agreements that do not even bear electronic signatures, but mere checkmarks that Defendant purports to be binding. (*See* Plaintiffs' contemporaneously-filed Consolidated Response in Opposition to Defendant's Motions to Compel Arbitration.) Furthermore, the proposed class action settlement itself is e-signed. (*See* Ex. A, p. 28) The wet signature is even more problematic because, under the proposed settlement, class members who submit untimely exclusions stand to be bound by the settlement and releases, but will not receive settlement payments. (*See* "Notice of Settlement of Class Action Lawsuit" on settlement administrator's website, at p. 3 § V - https://www.cptgroup.com/universalprotectionsettlement/Notice%20of%20Settlement%20of%20Class%20Action%20Lawsuit.pdf.)

Furthermore, given the governmental shutdowns that have arisen due to the COVID-19, it is unknown when the Superior Court will have occasion to rule on whether the proposed class action settlement in *Hakeem* will receive final approval. (*See* General Public Notice regarding court dates scheduled during the court's temporary closure https://www.saccourt.ca.gov/general/docs/general-public-notice-court-dates-03262020.pdf.) Given the serious deficiencies in the proposed class action settlement in *Hakeem*, the indefinite nature of the stay that Defendant necessarily requests by its Motion, and for all the reasons discussed below, a stay is not appropriate in this case.

### III. ARGUMENTS AND AUTHORITIES

#### A. Legal Standard

A district court has the inherent power to stay proceedings incident to its power " 'to control the disposition of causes on its docket with economy of time and effort for itself, for counsel, and for litigants.' " *Montgomery v. Target Corp.*, No. EDCV 19-4924 JGB (MRWx), 2019 WL 8168064, at *3 (C.D. Cal. Sept. 20, 2019) (Bernal, J.) (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)). In determining whether to grant a motion for stay, courts consider:

> (1) the possible damage which pay result from the granting of a stay, (2) the hardship or inequity which a party may suffer in being required to go forward, and (3) the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay.

*CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962) (citing *Landis*, 299 U.S. at 254-55).

The litigant requesting a stay "bears the burden of establishing its need." *Clinton v. Jones*, 520 U.S. 681, 708 (1997). "[I]f there is even a fair possibility that the stay [. . .] will work damage to some one else," the party requesting the stay must demonstrate "**a clear case** of hardship or inequity" should the case proceed. *Landis* 299 U.S. at 255 (emphasis added). "Only in rare circumstances will a litigant in one cause be compelled to stand aside while a litigant in another settles the rule of law that will define the rights of both." *Id.*

A court's ruling on a motion for stay is reviewed for abuse of discretion. *California v. EPA*, 360 F. Supp. 3d 984, 993 (N.D. Cal. 2018) (citing *Dependable Highway Express, Inc. v. Navigators Ins. Co.*, 498 F.3d 1059, 1066 (9th Cir. 2007)). As discussed below, Defendant cannot meet its burden to demonstrate hardship or inequity would occur if the Court denied its request for a stay.

### B. Plaintiffs and Putative Collective Action Members Will Be Prejudiced by a Stay, and Defendant Cannot Demonstrate Hardship or Inequity to Justify that Prejudice.

Under the first prong of the *Landers* analysis, Plaintiffs can demonstrate that Defendant's requested stay will prejudice the claims of the putative Collective Action Members.

The FLSA provides that a case against an employer for unpaid wages is commenced "on the [. . .] date on which [. . .] written consent is filed in the court in which the action was commenced." 29 U.S.C. § 256(b). Courts in this District recognize that "the statute of limitations on a putative [collective action] member's FLSA claim continues to run in the time between the filing of the collective action complaint and the filing of their written consent opting-in." *Ray v. Cal. Dep't of Soc. Servs.*, No. CV 17-4239 PA (SKx), 2019 WL 6888050, at *6 (C.D. Cal. Dec. 11, 2019) (quoting *Coppernoll v. Hamcor, Inc.*, No. C 16-05936 WHA, 2017 WL 1508853, at *1 (N.D. Cal. Apr. 27, 2017)). *Accord Johnson v. Serenity Transp., Inc.*, No. 15-cv-02004-JSC, 2016 WL 1569984, at *4 (N.D. Cal. Apr. 19, 2016); *Dunn v. Teachers Ins. & Annuity Assoc. of Am.*, No. 13-cv-05456-HSG, 2016 WL 153266, at *6 (N.D. Cal. Jan. 13, 2016) ("Because the FLSA statute expressly precludes the equitable tolling of putative [collective action] members' claims until they opt into the action, 29 U.S.C. § 256(b), the clock is still running on those claims. [. . .] Any putative FLSA [collective action] members who may still have an active claim are at immediate risk of having that claim time-barred if they do not soon receive notice. That risk of prejudice is heightened because the continuing violations tolling doctrine does not apply to FLSA claims." (citations omitted)). Thus, the delay associated with Defendant's requested stay will benefit Allied to Plaintiff's detriment – while this case sits idle Defendant will be confident in the knowledge that with each passing day the putative Collective Action Members' damages will certainly dwindle.

On the other hand, Defendant cannot demonstrate, under the second prong, a clear case of hardship or inequity justifying the requested stay.

### 1. If the Superior Court Grants Final Approval to the *Hakeem* Settlement, a Process that Will Take Many Months to Years If an Appeal Is Filed, *Moore* Will Still Proceed.

As described above, the *Hakeem* settlement is riddled with deficiencies, both substantive and procedural. (*See generally* Ex. A.)

Notwithstanding the significant defects in the proposed *Hakeem* settlement, the proposed settlement extends only to security guards who worked for Defendant in the state of California. (*Id.*, p. 4, ¶ 15.) Consequently, the proposed settlement could only ever impact a small subset of the pleaded national class in this case. The remaining nationwide FLSA class and the many individuals currently participating in this case who did not work for Defendant in California would be unaffected by the *Hakeem* settlement, yet a stay would deny them the right to proceed with their case. Additionally, if the Court were to stay this case, the thousands of individuals who have yet to opt-in from states outside of California would be significantly prejudiced because their respective statutes of limitations will continue to run. *See* 29 U.S.C. § 256(b). As such a stay in this case would result in the erosion of thousands of FLSA claims. No greater prejudice exists justifying the denial of a stay. Accordingly, the Court should deny the requested stay and permit notice to the nationwide class.

Moreover, not only would the putative Collective Action Members' claims erode during the indefinite stay proposed by Defendant, the delay would significantly hinder the ability of Plaintiffs to effectively litigate their case once the Court returns to this matter. *See Blue Cross & Blue Shield of Ala. v. Unity Outpatient Surgery Ctr., Inc.*, 490 F.3d 718, 724 (9th Cir. 2007) ("[L]engthy and indefinite stays place a plaintiff effectively out of court. [. . .] such stays 'create a danger of denying justice by delay.' [. . .] Delay 'inherently increases the risk that

witnesses' memories will fade and evidence will become stale.' ") (internal citations omitted); *Prime Healthcare Servs.-Shasta LLC v. Price*, No. 2:17-cv-00072-TLN-KJN, 2017 WL 2881503, at *6 (E.D. Cal. July 6, 2017) (denying stay, because the defendant "offered no estimate for when the Settlement Agreement [litigated in a parallel action] might finally be resolved."); *Smith v. Ceva Logistics U.S., Inc.*, No. cv 09-4957 CAS (RCx), 2011 WL 13186146, at *3 (C.D. Cal. Sept. 28, 2011) (noting that "in the context of a wage claim," there is an even greater threat that an indefinite stay will cause substantial harm to the plaintiff and class due to " 'the economic position of the average worker [. . .].' " (quoting *Smith v. Super. Ct.*, 39 Cal. 4th 77, 82 (2006)).

Furthermore, the time period covered by the *Hakeem* settlement ends on February 1, 2020 (Ex. A, p. 4, ¶ 15), whereas the damages sought in this case on behalf of putative California Class Action Members generally extend from four years prior to the filing of the lawsuit through its conclusion, except as to PAGA claims for which a one-year statute of limitations applies. (*See* ECF No. 23, ¶ 23.) As such, and in light of the fact that the plaintiffs in the *Hakeem* case did not obtain any injunctive relief, Plaintiffs may maintain their claims under the California Labor Code even if the *Hakeem* case receives final approval.

**2.   Generally, a Litigant Must Demonstrate Hardship Beyond the "Intrinsic Inconvenience Arising from Involvement in Litigation" to Justify a Stay.**

Case law is clear that "being required to defend a suit, without more, does not constitute a 'clear case of hardship or inequity' within the meaning of *Landis*." *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1112 (9th Cir. 2005).

In *Valdez v. Saxon Mortgage Services, Inc.*, certain defendants sought a stay of an action due to a settlement reached in a different case, as Allied does here. No. 2:14-CV-03595-CAS, 2015 WL 93387, at *2 (C.D. Cal. Jan. 6, 2015). The court rejected the defendants' motion to stay, holding:

> the only hardship defendants assert they will suffer is the cost of proceeding with the instant action. Although couched in terms of judicial economy, defendants complain that plaintiffs have served them with 'broad sets of document requests and interrogatories,' rendering it likely that the parties 'may soon bring motions to compel or for protective order or both.' [. . .] A party seeking a stay, however, must rely on more than 'the intrinsic inconvenience arising from involvement in litigation.'

*Id.* (quoting *Salinas v. San Jose*, No. 5:09-cv-4410 EJD, 2012 WL 2906052, at *2 (N.D. Cal. July 13, 2012)). The court was particularly reluctant to grant a stay where, as here, the competing lawsuit's settlement had not yet received final approval. *Id.* ("The Court concludes that a stay would be inappropriate in this instance. As defendants must concede, the [competing lawsuit's] settlement has not yet received final [. . .] approval.").

Furthermore, *Valdez* makes clear the kind of piecemeal rulings to be avoided:

> Moreover, only [. . .] two of the four named defendants in this action [. . .] have requested a stay. Plaintiffs' claim for violation of the UCL and request for declaratory relief, however, is common to all four defendants. It thus appears that staying the claims against [the two defendants who sought the stay], while proceeding with the claims against [the remaining defendants], could indeed lead to piecemeal adjudication of this action.

*Id.*

Also in *Valdez*, the court distinguished other cases where courts had ordered stays due to proposed settlements in competing lawsuits. The court explained that courts typically only order stays pursuant to settlements in other cases if "approval of the settlements in the parallel [. . .] proceedings **was likely to resolve all the issues pending before them.**" *Id.* (emphasis added). As discussed above, it is not the case that the proposed settlement in *Hakeem* will resolve all of the issues before this Court; claims of security guards who worked in states other than California will remain.

- 8 - Case No. 5:19-cv-02124-JGB-SP
Plaintiffs' Response to Defendant's
Motion to Stay Action

Other courts have also denied stays where a defendant failed to substantiate real harm that would occur in the absence of a stay. *See*, *e.g.*, *Primo v. Pac. Biosciences of Cal., Inc.*, (N.D. Cal. Aug. 20, 2013) (denying a defendant's motion to stay a later-filed federal court case while a settlement went through approval process in state court because the individual claims of the plaintiffs would likely be unaffected by the class action because the plaintiffs could opt-out); *Salinas v. San Jose*, No. 5:09-cv-4410 EJD, 2012 WL 2906052, at *1 (N.D. Cal. July 13, 2012) (denying motion to stay case pending appeal of similar, related cases because impact of appeals was tangential and parties could still respond to appeal without case being stayed); *Montez v. Chase Home Fin. LLC*, No. 11-CV-530 JLS WMC, 2011 WL 2729445, at *1 (S.D. Cal. July 13, 2011) (denying motion to stay because the only harm defendant would suffer was having to participate in discovery). As in *Primo*, any affected Opt-in Plaintiff can easily opt-out of the proposed settlement in *Hakeem*, and the case will proceed as before.

Recently, in the case of *McGrath v. DoorDash, Inc.*, the defendant requested a stay of a nationwide FLSA case because of a proposed class action pending in state court which would resolve the claims of delivery drivers in California and Massachusetts only. (*See* Ex. B (*McGrath* Dkt. No. 52)). The defendant argued that it should not have to comply with outstanding discovery requests because it claimed that the nationwide FLSA lawsuit was "encompassed within" the proposed settlement pending in state court. (*Id.*) The court denied the requested stay, recognizing that the defendant operated in states other than California and Massachusetts, and consequently holding that defendant "failed to show that mediation would be completely unnecessary if the state court class action settlement were to be approved." (Ex. C (*McGrath* Dkt No. 55.) As in *McGrath*, a stay is inappropriate here where the claims of thousands of workers nationwide will remain even if *Hakeem* receives final approval.

**C. Even If the Court Determines Defendant Can Adequately Justify the Requested Stay, the Court Should Still Permit the Claims of Unaffected Plaintiffs to Proceed Collectively.**

Here, only 8 of the 39 Opt-in Plaintiffs who have already filed their consents in this lawsuit could ever be affected by the proposed settlement in *Hakeem*, even if the Superior Court were to finally approve it. (*See* consents to join filed in this action.) There is no justification for requiring the remaining 31 Opt-in Plaintiffs, as well as the putative Collective Action Members in states other than California, to wait to see the outcome of *Hakeem*.

Should the Court decide that it is appropriate for any security guards in this case from California to await a ruling in *Hakeem*, notwithstanding that they can and will opt-out of that proposed class settlement, it should consider severing the claims of those affected individuals from those security guards who worked in states other than California, and permitting those claims to proceed.

**D. The *Colorado River* Doctrine Is Inapplicable to Defendant's Argument that the Case Should Be Stayed Pending Resolution of *Hakeem*.**

Curiously, Defendant also inaptly argues that the Court should stay the case pursuant to the more stringent *Colorado River* doctrine. However, the Court need not engage in analysis of the *Colorado River* factors because the doctrine is entirely inappropriate in this case.

Prior to applying the *Colorado River* factors, the court must first determine whether the state and federal proceedings are sufficiently parallel. *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Co.*, 460 U.S. 1, 28 (1983) ("When a district court decides to dismiss or stay under *Colorado River*, it presumably concludes that the parallel state-court litigation will be an adequate vehicle for the complete and prompt resolution of the issues between the parties."). The deciding factor is whether there exists "substantial doubt as to whether the state proceedings will resolve the federal action." *Intel Corp. v. Advanced Micro Devices, Inc.*, 12 F.3d

908, 913 (9th Cir. 1993) (further counseling that only **exceptional circumstances** justify a stay under the *Colorado River* doctrine). Unless the state court action can resolve the entirety of the federal action, it would be a "serious abuse of discretion to grant the stay or dismissal at all. [. . .] Thus, the decision to invoke *Colorado River* necessarily contemplates that the federal court will have nothing further to do in resolving any substantive part of the case, whether it stays or dismisses." *Moses H. Cone*, 460 U.S. at 28.

As discussed above, here there can be no doubt that *Hakeem* cannot resolve all of the claims at issue in this lawsuit. Even if the proposed settlement in *Hakeem* receives final approval, the claims of the putative Collective Action Members in states where Defendant does business other than California will proceed in this action. (Ex. A, p. 4, ¶ 15.) Indeed, courts often look to "whether the state court action could be amended to add those claims that are unique to the federal action." *Sompo Am. Ins. Servs., LLC v. Plaza Indem. Ins. Co.*, No. 2:19-cv-05224-VAP-KSx, 2019 WL 6841988, at *4-5 (C.D. Cal. Oct. 1, 2019). Here, the parties in *Hakeem* have not sought to file an amended complaint containing any allegations of nationwide violations of the FLSA or Colorado state law claims, as Plaintiffs' operative Complaint does. Instead the Parties have merely whittled the damages down to two claims leaving a general wage release applicable to the class members. (*See* Ex. A, p.19.) Furthermore, even if certain Plaintiffs and Opt-in Plaintiffs' claims are submitted to arbitration, the putative Collective Action Members can be properly represented by a substitute Plaintiff who worked in California who opted-in to this lawsuit and for whom Defendant has not filed a motion to compel arbitration, such as Esther Shipley, a current employee who worked for Defendant in Riverside County (ECF No. 11), who will opt-out of the proposed settlement in *Hakeem*.

...

Defendant's citations are also inapposite. For instance, its brief cites to *Dibel v. Jenny Craig, Inc.* in support of its argument under *Colorado River*,[1] but that case was stayed under *Landis*, not *Colorado River*. No. 06CV 2533 BEN (AJB), 2007 WL 2381237, at *2 (S.D. Cal. Aug. 10, 2007) (citing *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)). Indeed, the order never mentions *Colorado River*. Furthermore, as discussed above, due to the fact that the time period covered by the *Hakeem* settlement ends on February 1, 2020 (Ex. A, p. 4, ¶ 15), whereas the time period relevant to this action is continuing (*see* ECF No. 23, ¶ 23), there is not a complete overlap between the settlement class members in *Hakeem* and the putative California Collective Action Members in this case. To wit, any security guard hired after February 1, 2020 would be a class member in this action, but not in *Hakeem*. As a result, the holding of *Daugherty v. Oppenheimer & Co., Inc.* is inapplicable,[2] and Defendant errs where it claims that all putative Collective Action Members who worked in California are members of the *Hakeem* class. Finally, Defendant claims without citation to authority that any disposition of *Hakeem* would likely have collateral estoppel effect on all claims by California Plaintiffs in this case., however, because the *Hakeem* case is proceeding through the class settlement approval process, there is no risk of piecemeal determinations in this case –more likely than not, there will be no liability determination in *Hakeem*. The Court certainly should not stay this case in the hopes of waiting for the collateral estoppel that Defendant claims could occur in the state court case.

---

[1] ECF No. 57, p. 8.
[2] No. C 06-7725 PJH, 2007 WL 1994187, at *3 (N.D. Cal. July 5, 2007) ("[Defendant] contends that the proposed class of California residents who worked for [defendant] as securities brokers is exactly the same as the putative class in the *Handler* action").

## IV. CONCLUSION

For all of the foregoing reasons, Plaintiffs respectfully request that the Court enter the attached proposed order denying Defendant's Motion for Stay (ECF No. 57). Plaintiffs request such other and further relief to which they may be justly entitled.

Dated: April 22, 2020

Respectfully submitted,

By:   s/Melinda Arbuckle
       Melinda Arbuckle

**SHELLIST | LAZARZ | SLOBIN LLP**
Todd Slobin (admitted *Pro Hac Vice*)
tslobin@eeoc.net
Ricardo J. Prieto (admitted *Pro Hac Vice*)
rprieto@eeoc.net
11 Greenway Plaza, Suite 1515
Houston, Texas 77046
Telephone: (713) 621-2277
Facsimile: (713) 621-0993

Melinda Arbuckle (Cal. Bar No. 302723)
marbuckle@eeoc.net
402 West Broadway, Suite 400
San Diego, California 92101
Telephone: (713) 621-2277
Facsimile: (713) 621-0993

**FORESTER HAYNIE PLLC**

Matthew Haynie (admitted *Pro Hac Vice*)
matthew@foresterhaynie.com
400 N. St. Paul Street #700
Dallas, Texas 75201
Telephone: (214) 346-5909
Facsimile: (214) 210-2100

**ROBINS KAPLAN LLP**

Glenn A. Danas (Cal. Bar No. 270317)

gdanas@robinskaplan.com
ROBINS KAPLAN LLP
2049 Century Park East, Suite 3400
Los Angeles, CA 90067
Telephone: (310) 229-5410
Facsimile: (310) 229-5800

*Counsel for Plaintiffs and Proposed Class and Collective Action Members*