1  Todd Slobin (admitted *Pro Hac Vice*)
   tslobin@eeoc.net
2  Ricardo J. Prieto (admitted *Pro Hac Vice*)
   rprieto@eeoc.net
3  SHELLIST | LAZARZ | SLOBIN LLP
   11 Greenway Plaza, Suite 1515
4  Houston, Texas 77046
   Telephone: (713) 621-2277
5  Facsimile: (713) 621-0993

6  Melinda Arbuckle (Cal. Bar No. 302723)
   marbuckle@eeoc.net
7  SHELLIST | LAZARZ | SLOBIN LLP
   402 West Broadway, Suite 400
8  San Diego, California 92101
   Telephone: (713) 621-2277
9  Facsimile: (713) 621-0993

10 (additional counsel on signature block)

11 *Counsel for Plaintiffs and Proposed Class and Collective Action Members*

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
EASTERN DIVISION – RIVERSIDE COUNTY**

| | |
|---|---|
| Reginald Moore, Eduardo Guerra, and Alisa Jones, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>Universal Protection Service, LP d/b/a Allied Universal Security Services<br><br>Defendant. | **Case No.: 5:19-cv-02124-JGB-SP**<br><br>**PLAINTIFF'S NOTICE OF MOTION AND UNOPPOSED MOTION TO LIFT STAY AND CONFIRM AWARD**<br><br>Judge: Hon. Jesus G. Bernal<br>Date: January 17, 2022<br>Time: 9:00 a.m.<br>Courtroom: 1 |

Case No. 5:19-cv-02124-JGB-SP
Notice of Motion and Motion to
Lift Stay and Confirm Award

**PLEASE TAKE NOTICE** that, on January 17, 2022 at 9:00 a.m, in Courtroom 1 of this Court, located at 3470 Twelfth Street; Riverside, CA 92501-3801, Plaintiffs Reginald Moore, Eduardo Guerra, and Alisa Jones (collectively, "Plaintiffs") will and hereby do move this Court to lift the stay (ECF No. 245), confirm the arbitrator's award, and dismiss this case with prejudice.

Plaintiff makes this motion on the grounds that, pursuant to this Court's order, this action was stayed pending approval of the long-form settlement agreement by the arbitrator; the arbitration has been concluded; and the arbitrator has issued his final award. This Motion is supported by this Notice; the attached Memorandum of Points and Authorities in Support of the Motion; all attached supporting exhibits; the pleadings filed in this action; and such other documentary and oral evidence or argument as may be presented to the Court at the hearing on this Motion.

This Motion is made following conference with counsel pursuant to Local Rule 7-3 for Defendant who is unopposed to this Motion.

Dated: December 16, 2021     Respectfully submitted,

By:  s/Melinda Arbuckle
     Melinda Arbuckle

**SHELLIST | LAZARZ | SLOBIN LLP**
Melinda Arbuckle (SBN 302723)
marbuckle@eeoc.net
402 West Broadway, Suite 400
San Diego, California 92101
Telephone: (713) 621-2277
Facsimile: (713) 621-0993

*Counsel for Plaintiffs and Proposed Class and Collective Action Members*

## I. INTRODUCTION

Pursuant to Sections 9 and 13 of the Federal Arbitration Act (9 U.S.C. §§ 1-16, the "FAA"), and the order of the Court staying this case pending the result of arbitration (ECF No. 245), Plaintiffs Reginald Moore, Eduardo Guerra, and Alisa Jones (collectively, "Plaintiffs") seek an order (1) lifting the stay; (2) confirming the arbitration award; and (3) dismissing this case with prejudice. The arbitrator's consideration of the Parties' proposed settlement has now concluded, and the final award has been issued. It is proper and appropriate that the Court confirm that award. Defendant does not oppose this Motion.

## II. BACKGROUND

Plaintiff filed this lawsuit seeking damages for violations of the Fair Labor Standards Act, 29 U.S.C. §§ 201-219 ("FLSA") and under California and Colorado state labor laws on November 5, 2019. (ECF No. 1.) Defendant vigorously opposed Plaintiffs' claims, including denying that class or collective action claims were appropriate, and denying that the case properly proceeded in federal court owing to the many arbitration agreements Respondent alleged governed the resolution of disputes between Allied and its employees.

The Court conditionally certified a collective action on May 15, 2020. (ECF No. 106.) 29,107 individuals opted-in to the lawsuit. (ECF Nos. 120-201; 205-216; 218-221; 223-236.) The Court also compelled the claims of Plaintiffs and many opt-in plaintiffs to arbitration (ECF No. 106.)

The Parties engaged in two mediations of the claims after the close of the opt-in period. In advance of the first mediation, Defendant produced extensive records sufficient for the Parties to calculate exposure models and to better understand the merits of each Parties' respective claims and defenses. Furthermore, the Parties had already engaged in the depositions of several opt-in plaintiffs. The

mediation resulted in an impasse, and the Parties engaged in the depositions of several more opt-in plaintiffs.

On April 15, 2021, the Parties engaged in a second mediation with Charles Stohler.[1] (*Id.* at ¶ 22) That mediation resulted in a Memorandum of Understanding, and eventually the Settlement Agreement which was submitted to the arbitrator.

On December 15, 2021, Arbitrator Thomas Crane reviewed the Parties' settlement agreement, and after review of the settlement and supporting documents found that the settlement agreement "represents a fair and reasonable settlement of Claimants' claims and on behalf of the opt-in plaintiffs and the State of California." (*See* Ex. A.)

The settlement agreement provides a gross settlement amount of $4,350,000.00 to resolve all of the Plaintiffs' and Opt-in Plaintiffs' FLSA and PAGA claims, and provides resolution and finality to all Parties, acknowledging the strengths and weaknesses of the Parties' respective positions.

### III.     ARGUMENT AND AUTHORITIES

**A.   This Court Can and Should Confirm the Award as It Issued the Order Compelling Arbitration.**

Where, as here, the Court has authority under the FAA to stay an action pending arbitration, "the court also has authority to confirm the [arbitration] award [. . .]." *Marine Transit Corp. v. Dreyfus*, 284 U.S. 263, 276 (1932). Pursuant to the FAA, confirmation and enforcement of an arbitration award is an integral part of the arbitration process. *See, e.g.*, *Brown v. Brown-Thill*, 762 F.3d 814, 826 (8th Cir. 2014) ("The enforceability of an award is an essential part of arbitration as authorized by the FAA.")

Critically, the Supreme Court has expressly confirmed this holding, finding that "a court with the power to stay the action under [the FAA] has the further

---

[1] *See* Stohler ADR PLLC, https://stohleradr.com/ (last visited Oct. 18, 2021).

power to confirm any ensuing arbitration award." *Cortez Byrd Chips, Inc. v. Bill Harber Constr. Co.*, 529 U.S. 193, 202 (2000). *Accord Broadcom Corp. v. Qualcomm Inc.*, No. SACV 05-468-JVS(MLGx), 2005 WL 5925585, at *1 (C.D. Cal. Sept. 26, 2005) ("In [*Cortez*] the Court held that a court entering a stay order under 9 U.S.C. § 3 [. . .] retains jurisdiction over the proceedings and does not lose venue."); *Smart v. Sunshine Potato Flakes, L.L.C.*, 307 F.3d 684, 685-86 (8th Cir. 2002) ("The district court initially had diversity jurisdiction over this action. After it entered a stay pending arbitration under 9 U.S.C. § 3, the court had the further power to confirm any ensuing arbitration award." (citing *Cortez*, 529 U.S. at 202.)); *Smiga v. Dean Witter Reynolds, Inc.*, 766 F.2d 698, 705 (2d Cir. 1985) ("This Court has held that a court which orders arbitration retains jurisdiction to determine any subsequent application [. . .] including a motion to confirm the arbitration award.")

It is, accordingly, beyond dispute and undisputed that this Court has the authority to confirm any arbitration award.

**B. The Court Should Confirm the Arbitration Award Pursuant to Its Limited Power of Review, as the Award Has Not Been Vacated, Modified, or Corrected.**

Under the FAA, federal courts have "only limited authority to review arbitration decisions, because broad judicial review would diminish the benefits of arbitration." *Lifescan, Inc. v. Premier Diabetic Servs., Inc.*, 363 F.3d 1010, 1012 (9th Cir. 2004) (citing *Chiron Corp. v. Ortho Diagnostic Sys., Inc.*, 207 F.3d 1126, 1130 (9th Cir. 2000). Under 9 U.S.C. § 9, a party may seek a judicial order confirming and entering an arbitration award. "[T]he court must grant such an order unless the award is vacated, modified, or corrected as prescribed in section 10 and 11 of this title." *Id.*

Thus, federal judicial review of an award reached in arbitration is significantly limited, and confirmation is required "even in the face of erroneous findings of fact or misinterpretations of law." *French v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 784 F.2d 902, 906 (9th Cir. 1986). "Absent fraud by the parties or the arbitrator's dishonesty, reviewing courts in such cases are not authorized to reconsider the merits of the awards, since this would undermine the federal policy of privately settling labor disputes by arbitration without governmental intervention." *United Paperworkers Int'l Union, AFL-CIO v. Misco, Inc.*, 484 U.S. 29, 30 (1987).

Here, there is no reason to deviate from the Arbitrator's considered award. No Party alleges fraud or misconduct, and the Parties are agreed to entry of the contemporaneously filed proposed Order granting the relief requested herein.

### IV.   CONCLUSION

For all of the foregoing reasons, Plaintiff respectfully requests that the stay be lifted, the arbitration award be confirmed, and that the case be dismissed with prejudice as requested and in the form of the Proposed Order submitted herewith.

Dated: December 16, 2021          Respectfully submitted,

By:   s/Melinda Arbuckle
      Melinda Arbuckle

**SHELLIST | LAZARZ | SLOBIN LLP**
Melinda Arbuckle (SBN 302723)
marbuckle@eeoc.net
402 West Broadway, Suite 400
San Diego, California 92101
Telephone: (713) 621-2277
Facsimile: (713) 621-0993

*Counsel for Plaintiffs and Proposed Class and Collective Action Member*