UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **EDCV 19-2124 JGB (SPx)** | Date | January 21, 2022 |
|---|---|---|---|

| Title | *Reginald Moore, et al. v. Universal Protection Service, LP d/b/a Allied Universal Security Services* |
|---|---|

Present: The Honorable   JESUS G. BERNAL, UNITED STATES DISTRICT JUDGE

| MAYNOR GALVEZ | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:** Order (1) GRANTING IN PART AND RESERVING RULING IN PART Plaintiffs' Motion to Lift Stay and Confirm Award (Dkt. No. 247); (2) ORDERING Plaintiffs to File the Arbitration Award; and (3) VACATING the January 24, 2022 Hearing (IN CHAMBERS)

Before the Court is a Motion to Lift Stay and Confirm Award filed by Plaintiffs Reginald Moore, Eduardo Guerra, and Alisa Jones (collectively, "Plaintiffs"). ("Motion," Dkt. No. 247.) The Court finds the Motion appropriate for resolution without a hearing. See Fed. R. Civ. P. 78; L.R. 7-15. After considering the papers filed in support of the Motion, the Court GRANTS IN PART the Motion to lift the stay, but RESERVES RULING IN PART on the Motion to confirm the arbitration award and dismiss the case. The Court VACATES the January 24, 2022 hearing.

## I. BACKGROUND

On November 5, 2019, Plaintiffs commenced this action against Universal Protection Service, LP d/b/a Allied Universal Security Services ("Defendant"). ("Complaint," Dkt. No. 1.) Plaintiffs amended the Complaint on November 19, 2019. ("FAC," Dkt. No. 23.) The FAC alleged violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219, and violations of California and Colorado state law. (Id.)

//
//
//
//

On November 6 and 7, 2019, Plaintiffs filed consent to join forms for Milagros Almonte, Denise Aquino, Crystal Brandly, Damaura Christian, Austin Salle, Nancy Sindar, Esther Shipley, Robert Snyder, and Erica McGee. (Dkt. No. 11.) Consent to join forms followed for Tonya Brown, Christina Capstraw, David Capstraw, II, Jalee Outlaw, Bernard Tyree, James Boggs, Ronald Burkhammer, Alice Dawson, Anicia Grant, Tanesha Johnson, Andrew Moses, Darrius Patterson, Donald Sandoval, Michael Smith, Khristian Thornton, Taminka White, Brian Wilburn, King Bandoh, Angel Grant, Dennis Clay, Levi DeMasi, Justin LeBlanc, Kimberly Adam, Beatrice Augusta, Shakamree Cauthren, Johnthan Fuller, Salvador Munoz, Brian Rodney, John Titus, and John Vandewater. (Dkt. Nos. 17, 18, 40, 41, 43, 44, 46, 66.)

On May 15, 2020, the Court granted Plaintiffs' motion to certify a collective action under the FLSA. ("May 15, 2020 Order," Dkt. No. 106.) The Court conditionally certified the following putative FLSA class:

> All current and former non-exempt, hourly-paid security guard employees who worked at any location nationwide at any time within the three years prior to the date of filing of [this Order] through the date of the final disposition of this action who were denied minimum and/or overtime wages in connection with Defendant's policy and/or practice of requiring mandatory pre- and post-shift work to be completed off-the-clock without any compensation.

(May 15, 2020 Order at 12.) In the May 15, 2020 Order, the Court also granted Defendant's motions and petitions to compel arbitration, except as to the PAGA claims, and denied Defendant's motion to stay the entire action. (Id.)

On June 22, 2020, Plaintiffs filed a second amended complaint. ("SAC," Dkt. No. 117.) The SAC alleges claims by Mr. Moore and Mr. Guerra on behalf themselves and of a putative California class ("California Plaintiffs"), and by Ms. Jones on behalf of herself and of a putative Colorado class ("Colorado Plaintiffs"). The SAC asserts ten causes of action as follows:

All Plaintiffs allege:

(1) violations of overtime and minimum wage provisions and payroll record-keeping requirements of the FLSA.

In addition, California Plaintiffs allege the following California law violations:

(2) violations of California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code §§ 17200–17210;
(3) California minimum wage violations under Cal. Wage Order No. MW-2019 and Cal. Labor Code §§ 1182.11, 1182.12, & 1194;
(4) California overtime violations under Cal. Wage Order No. 5-2001/7-2001; Cal. Labor Code §§ 510, 1194;

(5)  California meal and rest break violations under Cal. Wage Order No. 4-2001 and Cal. Labor Code §§ 218.5, 226.7, & 512;
(6)  California record-keeping violations under Cal. Wage Order No. 5-2001/7-2001 and Cal. Labor Code §§ 226, 1174, & 1174.5;
(7)  California wage payment violations under Cal. Labor Code §§ 201, 202, & 203; and
(8)  California Private Attorney General Act ("PAGA") violations under Wage Order No. 5- 2001/7-2001 and Cal. Labor Code §§ 2698-2699.5.

Colorado Plaintiffs allege the following Colorado law violations:

(9)  Colorado minimum wage violations under the Colorado Wage Claim Act ("CWCA"), Colo. Rev. Stat. § 8-4-101 – 8-4-123, the Colorado Minimum Wage Act ("CMWA"), Colo. Rev. Stat. § 8-6-101 – 8-6-119, and Colorado Minimum Wage Order Number 35 ("CMWA"), 7 Colo. Code Regs. § 1103-1; and
(10) Colorado overtime violations under the CWCA and CMWA.

(See SAC.)  After filing the SAC, Plaintiffs filed additional consent to join forms for 29,107 individuals to opt-in as plaintiffs.  (Dkt. Nos. 120–201, 205–216, 218–221, 223–236.)  The Court refers to all those who have opted in as "Opt-In Plaintiffs."

On June 24, 2021, the Court approved the parties' stipulation to stay the case pending approval of a settlement agreement the parties had reached pursuant to arbitration.  ("Stay Order," Dkt. No. 245.)

On December 16, 2021, Plaintiffs filed this Motion.  (See Mot.)  In support of the Motion, Plaintiffs filed the December 15, 2021 order by the arbitrator approving the parties' settlement agreement.  ("Arbitration Order," Dkt. No. 247-1.)

The Motion is unopposed.

## II.  LEGAL STANDARD

**A.  Motion to Lift Stay**

A court's "power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."  Landis v. North American Co., 299 U.S. 248, 254 (1936).  A stay is "an exercise of judicial discretion, and the propriety of its issue is dependent upon the circumstances of the particular case."  Nken v. Holder, 556 U.S. 418, 433 (2009) (internal alterations and citations omitted).  "The corollary to this power is the ability to lift a stay previously imposed."  Boyle v. Cty. of Kern, 2008 WL 220413, at *5 (E.D. Cal. Jan. 25, 2008); see also Johnson v. JP Morgan Chase Bank, N.A., 2019 WL 2004140, at *2 (C.D. Cal. Jan. 25, 2019) (same).

### B. Motion to Confirm Arbitration Award

The Federal Arbitration Act ("FAA") authorizes courts to confirm arbitration awards under 9 U.S.C. § 9. This provision provides as follows:

> If the parties in their agreement have agreed that a judgment of the court shall be entered upon the award made pursuant to the arbitration, and shall specify the court, then at any time within one year after the award is made any party to the arbitration may apply to the court so specified for an order confirming the award, and thereupon the court must grant such an order unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11 of this title.

9 U.S.C. § 9. Generally, the court's review authority is "extremely limited," in order "to preserve due process but not to permit unnecessary public intrusion into private arbitration proceedings." Kyocera Corp. v. Prudential-Bache Trade Servs., Inc., 341 F.3d 987, 998 (9th Cir. 2003). However, a district court may not "abdicate entirely its role in reviewing the arbitrator's award." Johnson v. Wells Fargo Home Mortg., Inc., 635 F.3d 401, 411 (9th Cir. 2011)

### III. DISCUSSION

Plaintiffs request the Court to lift its Stay Order, confirm the arbitration award of $4,350,000.00 reached between the parties, and dismiss the case with prejudice. (Mot. at 2, 4.) The award would resolve Plaintiffs' and Opt-In Plaintiffs' FLSA and PAGA claims in their entirety. (Id. at 2.)

Because the Court issued the Stay Order to allow the parties to finalize the instant settlement agreement, the Court GRANTS IN PART the Motion to Lift Stay.

However, the Court is unable to confirm the arbitration award based on the record before it. Plaintiffs contend that the Court must confirm the arbitration award because the Court's review authority under the FAA is limited, and no party has alleged that the award was reached by fraud or misconduct. (Mot. at 2-4.) While Plaintiffs cite authority regarding the Court's general authority to confirm an arbitration award, they fail to address the Court's duty to supervise settlement agreements under the FLSA. See Selk v. Pioneers Mem'l Healthcare Dist., 159 F. Supp. 3d 1164, 1172 (S.D. Cal. 2016) ("[C]laims for unpaid wages under the FLSA may only be waived or otherwise settled if settlement is supervised by the Secretary of Labor or approved by a district court."). The Court may only confirm the arbitration award if it "represents a 'fair and reasonable resolution of a bona fide dispute.'" Selk, 159 F. Supp. 3d at 1172 (quoting Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350, 1355 (11th Cir. 1982)).

//
//
//

       The parties have not submitted the settlement agreement or any evidence that would allow the Court to review the arbitration award. See Int'l Bancshares Corp. v. Ochoa, 2019 WL 6649300, at *2 (S.D. Tex. Dec. 3, 2019) (finding the court had jurisdiction over the parties' motion to reinstate the case, but ordering the parties to submit the final arbitration award "for the District Judge's review and approval under the FLSA"); c.f. Xi v. Mira Sushi, Inc., 2021 WL 5015709, at *1 (S.D.N.Y. Oct. 28, 2021) (confirming an arbitration award to settle FLSA and state law claims only after finding the award was supported by the evidence); Colvin v. MUY Pizza Southeast LLC, 2017 WL 11629338, at *1 (N.D. Fla. Aug. 4, 2017) (same). While Plaintiffs submit the Arbitration Order, which attests to the reasonableness and fairness of the arbitration award, the arbitrator's decision alone is insufficient. This Court may not "rubber stamp" the Arbitration Order. Johnson, 635 F.3d at 409 (holding that the district court acted "erroneous[ly]" when it essentially "rubber stamp[ed] the arbitrator's decision"). Accordingly, the Court RESERVES RULING IN PART on the Motion to confirm the arbitration award. The Court ORDERS Plaintiffs to file a copy of the final arbitration award and any other documents that would allow the Court to review the settlement agreement under the FLSA.

### IV.   CONCLUSION

       For the reasons above, the Court GRANTS IN PART the Motion to lift the Stay Order. The Court REINSTATES the case. The Court RESERVES RULING IN PART on the Motion to confirm the arbitration award and ORDERS Plaintiffs to file a copy of the final arbitration award and related documents with the Court by **Monday, February 21, 2022**. The January 24, 2022 hearing is VACATED.

**IT IS SO ORDERED.**